During transition, the following jurisdictional grants will be in effect:

(1) The jurisdiction of the court of appeals is that conferred by new 28 U.S.C. § 1392, added by section 236 of the 1978 legislation (sections 405(c)(1)(B) and 405(c)(2) of the 1978 legislation);

Id. at 3–311

 We conclude that new Title 28 U.S.C. § 1293(b) governs and determines whether we have jurisdiction of the present appeal. The plain meaning of the provisions of that section is that the order, judgment or decree of the bankruptcy court must be a *final* one before a court of appeals has jurisdiction to consider it on a direct appeal. This being true, it follows that a court of appeals does not have jurisdiction of a direct appeal of an *interlocutory* order, judgment or decree of a bankruptcy court.

See the following statement in 1 *Collier on Bankruptcy, supra*, ¶ 303:

* * * no direct appeal of an interlocutory order of a bankruptcy court lies to the court of appeals.

Id. at 3–308

Applying the above sections of the Code to the case before us, we conclude that the order appealed from is interlocutory in character and is not a final judgment, order or decree, and, therefore, we do not have jurisdiction of the appeal.

Accordingly, the appeal is dismissed.

APPEAL DISMISSED.

**Harry ROBERTS, Plaintiff-Appellee,**

v.

**Richard MARINO, Defendant-Appellant.**

**No. 80–3571**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Unit A

Sept. 21, 1981.

George L. La Marca, Asst. City Atty., George R. Simno, III, Deputy City Atty., New Orleans, La., for defendant-appellant.

James A. Dunn, Jr., New Orleans, La., for plaintiff-appellee.

Before BROWN, REAVLEY and POLITZ, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

In this action, Appellant Marino, a police officer, challenges the sufficiency of the evidence in a jury trial finding him guilty of violating Plaintiff Roberts' constitutional rights under 42 U.S.C. § 1983. After reviewing the record, we find that Marino's contentions have no merit and affirm the judgment.

On February 26, 1974, Mardi Gras day, Plaintiff Roberts was arrested by the New Orleans police in connection with the murder earlier the same day of one police officer and the wounding of another. The facts surrounding the arrest are in dispute and form the basis of Roberts' suit against two New Orleans police officers [1] under 42 U.S.C. § 1983, charging use of excessive force in effectuating the arrest. A jury trial resulted in a verdict against Officer Marino awarding Roberts $2,500 in compensatory damages and an equal amount in punitive damages.[2] Judge Collins rendered judgment upholding the award of compensatory damages but refused to award punitive damages, finding no support in the record for such award.[3] Marino appeals arguing that the evidence was insufficient to support the award of compensatory damages and that his motion for directed verdict should have been granted. The basis of his contention is that the force used was not excessive.

The standard for review on appeal of sufficiency of evidence is well-established in this Circuit under *Boeing Co. v. Shipman*,

---

1. The original suit, filed as *Harry Roberts v. Clarence B. Giarrusso*, named Richard Hesselle, a police officer, and also Clarence Giarrusso, the Superintendent of the New Orleans Police Department as additional defendants. Guiarrusso's motion for directed verdict was granted on the basis of insufficient evidence of any knowledge or involvement in the events.

2. The jury returned a verdict for Officer Richard Hesselle and against Roberts. Judgment was entered dismissing that suit.

3. Punitive damages may be awarded in actions under § 1983. *Carey v. Piphus*, 435 U.S. 247, 257 n.11, 98 S.Ct. 1042, 1048 n.11, 55 L.Ed.2d 252, 260 n.11 (1978) (punitive damages may be awarded with the specific purpose of deterring or punishing a violation of constitutional rights). *See McCulloch v. Glasgow*, 620 F.2d 47, 51 (5th Cir. 1980); *Fielder v. Bosshard*, 590 F.2d 105 (5th Cir. 1979); *Palmer v. Hall*, 517 F.2d 705 (5th Cir. 1975).

The trial judge's rejection of the jury's verdict on punitive damages is not before us.

411 F.2d 365, 374–75 (5th Cir. 1969) (en banc). This Court, and the trial court at the time of the original motion for directed verdict, must examine all the evidence "in the light and with all reasonable inferences most favorable to the party opposed to the motion." *Williams v. United Insurance Co. of America*, 634 F.2d 813, 815 (5th Cir. 1981). This Court on review does not reweigh the evidence. "A court may not substitute its findings for those of the jury unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that reasonable men could not arrive at a verdict to the contrary." *Fairley v. American Hoist & Derrick Co.*, 640 F.2d 679, 681 (5th Cir. 1981). *See Crowe v. Lucas*, 595 F.2d 985, 989 (5th Cir. 1979).

■ To recover damages for a violation of constitutional rights under color of state law under § 1983, which governs the substantive aspects of this case, Roberts must establish that he was subjected to excessive force by the police officers. A determination of whether a constitutional violation has occurred through use of unreasonable force is based on the individual facts and circumstances. Reasonableness of force must be evaluated in light of the need, the motivation, and the extent of injury inflicted. "If the state officer's action caused severe injuries, was grossly disproportionate to the need for action under the circumstances and was inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience, it should be redressed under Section 1983." *Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir. 1981).

The trial in the District Court consisted of the testimony of six witnesses. The Plaintiff's case was based on the testimony of Roberts, his mother, and Dr. Braud, a medical expert providing evidence of the nature and extent of Roberts' injuries. Both Defendants, Marino and Hesselle, testified to the events surrounding the arrest. The third witness for the defense was another officer, Morris, Assistant Superintendent of Police.

Roberts testified that shortly after leaving his apartment he was shot in the leg. Unable to determine who had fired at him, Roberts ran down the street and broke into a stranger's house to obtain help. He made a telephone call to his mother and later to the operator to call the police. Roberts was seated, tending to his wound, when the police arrived. The officers ignored Roberts' attempts to explain that he had called them and proceeded to beat him. After being handcuffed and shackled, Roberts was placed in a patrol car and beaten during the ride to the hospital. Dr. Braud, a doctor who examined Roberts on March 6, 1974, testified to multiple bruises and scars to Roberts' head and body, estimated to be six or seven days old.

Marino testified that while on duty in the nearby area he heard reports of a shooting involving a police officer and proceeded toward the scene of the shooting. Marino located a trail of blood in an alleyway and followed it into the house where Roberts was. Marino stated that Roberts, upon seeing the police officer, attempted to leave the room. Marino grabbed Roberts and a struggle ensued during which Marino hit Roberts several times in the head. Roberts resisted violently and was subdued and handcuffed only with the aid of additional officers. Roberts was placed in a police car and continued to resist throughout the trip to the hospital.

This was an outright swearing match: was the truth what Roberts stated or that sounded by Marino and fellow officers? Reviewing the evidence, a reasonable jury could conclude that Marino used excessive force violating Roberts' constitutional rights. The jury was confronted with two contradictory versions of the events. The verdict reflects a determination of credibility, choosing to believe the testimony of Roberts rather than that of the police officers. In addition, there was evidence given by Roberts that Marino was motivated by malice, believing that Roberts was the perpetrator of the recent murder of another police officer. Roberts testified that he was continually referred to as "cop killer"

and subjected to abuse, even at the hospital. It was a classic case for the jury. It turned on credibility, and determination of credibility is to be made by the fact finder, here the jury. "If there is evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the jury function may not be invaded." *Fairley v. American Hoist & Derrick Co.,* 640 F.2d at 681.

Since sufficient evidence existed that Officer Marino, motivated by malice, used excessive force in effectuating the arrest of Roberts, causing severe injuries, we affirm the judgment of the court below awarding compensatory damages to Roberts.

AFFIRMED.