**Texx LUCE, Plaintiff,**

**v.**

**Dennis HAYDEN, David W. Sinclair, and Allan H. Weeks, Chief, Maine State Police, Defendants.**

**Civ. No. 84–0328P.**

United States District Court,
D. Maine.

Dec. 13, 1984.

Texx Luce, pro se.

Michael E. Saucier, Hunt Thompson & Bowie, Portland, Maine, for defendants.

## MEMORANDUM OF DECISION

GENE CARTER, District Judge.

This case is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint. Plaintiff, appearing *pro se*, filed a Complaint seeking compensatory and punitive damages pursuant to 42 U.S.C. § 1983 on September 24, 1984. Defendants are Trooper Dennis Hayden and Sergeant David W. Sinclair of the Maine State Police and Maine State Police Chief Allan H. Weeks. Plaintiff alleges, among other things, that Trooper Hayden arrested him in Greene, Maine on June 10, 1984; that Trooper Hayden then handcuffed Plaintiff behind his back and forced him to lie on his stomach; that Trooper Hayden then directed a trained state police dog to bite Plaintiff "on the rear part of his body"; and that the alleged dog attack caused serious physical, psychological and emotional injuries. Plaintiff claims that these actions violated his rights under the eighth amendment and the due process clause of the fourteenth amendment to the United States Constitution.

Plaintiff alleges that Defendant Sergeant David W. Sinclair knew of Trooper Hayden's actions and allowed said actions to be taken. Plaintiff claims that the Maine State Police Chief should be held liable for his alleged injury because Trooper Hayden's actions reflect a policy or practice of the Maine State Police.

■■■ In considering this Motion to Dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6), the Court must accept the allegations in the Complaint as true and construe them in a light most favorable to Plaintiff. See *Carr v. Learner,* 547 F.2d 135, 137 (1st Cir.1976); *Ballou v. General Electric Company,* 393 F.2d 398, 399 (1st Cir.1968). In general, *pro se* complaints brought under 42 U.S.C. § 1983, "however inartfully pleaded," are held to less stringent standards than are formal pleadings drafted by lawyers. *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 175, 66 L.Ed.2d 163 (1980). Courts need not, however, conjure up facts that are not pleaded to support conclusory allegations of the complaint. *Hurney v. Carver,* 602 F.2d 993, 995 (1st Cir.1979).

Plaintiff does not contend that his arrest was made without probable cause, and it will be assumed that he claims that his rights were violated in the course of a lawful arrest.

## I.

■■ Defendants argue that the Complaint fails to state a claim against Defendant Hayden because it does not allege that there was a deprivation of constitutional rights or that the deprivation complained of was caused by Trooper Hayden.

Specifically, Defendants argue, among other things, that the Complaint contains only conclusory allegations or subjective characterizations that are insufficient as a matter of law to state a claim. *See Dewey v. University of New Hampshire,* 694 F.2d 1 (1st Cir.1982). In *Dewey,* the First Circuit stated:

> although we must ask whether the "claim" put forward in the complaint is capable of being supported by any conceivable set of facts, we insist that the claim at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why.

*Id.* at 3. Plaintiff alleges in his Complaint that he was asleep in a wooded area when approached by Trooper Hayden:

> After Plaintiff was awakened, Plaintiff was handcuffed behind his back forced to lay on his stomach, and State Police Trooper Dennis Hayden brought a

trained state police dog named Skipper over to Plaintiff and had this state police dog bite Plaintiff in the rear part of his body, than [sic] Trooper Dennis Hayden took this dog Skipper off the Plaintiff, and than [sic] again Trooper Dennis Hayden put this dog Skipper back onto Plaintiff. This Trooper Dennis Hayden than put a gun to Plaintiff [sic] head and stated go ahead move, I'd love to blow your fucking head off, while Plaintiff was secured.

Whatever this account lacks in felicity of expression or elaboration of detail, it certainly contains a sufficiently specific and concrete description of the alleged abuse to meet the standard of *Dewey*. The clear inferences to be drawn from this account are that Trooper Hayden, acting under color of state law, after arresting and obtaining physical control of Plaintiff, intentionally unleashed a state police dog on Plaintiff, which inflicted injury upon Plaintiff.

## II.

Defendants further argue, even assuming the truth of the facts alleged in Plaintiff's Complaint, that such actions do not constitute deprivations of any identifiable *constitutional* rights. They cite the decisions of the Supreme Court in *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) and *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). In *Paul*, the Supreme Court held that mere damage to reputation, actionable under state law, does not violate the Constitution and will not support a civil rights action under 42 U.S.C. § 1983. In *Parratt*, the Supreme Court held, *inter alia*, that a negligent deprivation of property does not violate the fourteenth amendment where a state tort remedy provides adequate "due process of law." *Paul* stated, and *Parratt* reaffirmed, that the fourteenth amendment is not "a font of tort law." *Paul*, 424 U.S. at 701, 96 S.Ct. at 1160. *See also, Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

It has been widely held that use of excessive force in the course of a lawful arrest may constitute a constitutional deprivation.

*See, e.g., Soto v. City of Sacramento*, 567 F.Supp. 662, 670–71 (E.D.Cal.1983) and cases cited therein. Often, courts fail to specify which constitutional right is implicated in such cases. *Id.* at 671. Some courts have found that use of excessive force violates the fourth amendment. *Soto*, 567 F.Supp. 662; *Carter v. Carlson*, 447 F.2d 358, 363 (D.C.Cir.1971), *rev'd on other grounds sub nom. District of Columbia v. Carter*, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973), *reh'g denied*, 410 U.S. 959, 93 S.Ct. 1411, 35 L.Ed.2d 694 (1973); *Jenkins v. Averett*, 424 F.2d 1228, 1232 (4th Cir.1970); *Davis v. Murphy*, 559 F.2d 1098, 1102 (7th Cir.1977). Some have found that it violates the fourteenth amendment. *Soto*, 567 F.Supp. at 673; *Davis v. Murphy*, 559 F.2d at 1102; *United States v. Delerme*, 457 F.2d 156, 161 (3d Cir.1972). Others have found that it violates the eighth amendment. *Howell v. Cataldi*, 464 F.2d 272, 281–82 (3d Cir.1972).

The doctrinal difficulties posed by the impact of the Supreme Court's holdings in *Paul v. Davis, Parratt v. Taylor*, and *Baker v. McCollan* upon actions under Section 1983 for the use of excessive force during a lawful arrest have not been authoritatively resolved by the Supreme Court. Circuit courts and district courts have applied a number of different standards to the determination of whether excessive force rises to the level of a *constitutional* deprivation. *See, e.g.*, cases cited in *Soto*, 567 F.Supp. at 670–71; Annot., 60 A.L.R.Fed. 204, 209 (1982); *Schiller v. Strangis*, 540 F.Supp. 605, 613 (D.Mass.1982). The First Circuit has not had occasion to articulate such a standard.

There has been articulated, however, a minimum standard below which police conduct cannot fall if it is to conform to the due process clause of the fourteenth amendment. Some conduct is so offensive to " 'those canons of decency and fairness which express the notions of justice of English-speaking peoples even toward those charged with the most heinous offenses' " that it is a violation of due process. *Rochin v. California*, 342 U.S. 165,

169, 72 S.Ct. 205, 208, 96 L.Ed. 183 (1952) (quoting *Malinski v. New York,* 324 U.S. 401, 416–17, 65 S.Ct. 781, 788–89, 89 L.Ed. 1029 (1945) (Frankfurter, J., concurring)). The Court, per Justice Frankfurter, explained:

> Due process of law is a summarized constitutional guarantee of respect for those personal immunities which, as Mr. Justice Cardozo twice wrote for the Court, are "so rooted in the traditions and conscience of our people as to be ranked as fundamental," *Snyder v. Massachusetts,* 291 U.S. 97, 105, 54 S.Ct. 330, 78 L.Ed. 674, or are "implicit in the concept of ordered liberty." *Palko v. Connecticut,* 302 U.S. 319, 325, 58 S.Ct. 149, 152, 82 L.Ed. 288.

*Id.* at 169, 72 S.Ct. at 208. In *Rochin,* the police had forcibly extracted the contents of the defendant's stomach in order to obtain capsules he had swallowed for use as evidence. The Court concluded that the police conduct "shocks the conscience" and was therefore violative of due process.

The standard set forth in *Rochin* for a substantive due process violation is still the law of this nation. *See Baker v. McCollan,* 443 U.S. 137, 147–49, 99 S.Ct. 2689, 2696–97, 61 L.Ed.2d 433 (1979) (Blackmun, J., concurring); *see also, Roberts v. Marino,* 656 F.2d 1112 (5th Cir.1981); *Schiller v. Strangis,* 540 F.Supp. 605 (D.Mass.1982). Application of "such a vague and discretionary standard" can be difficult. *See Schiller,* 540 F.Supp. at 616. Judge Friendly made one notable attempt to elucidate the substantive due process standard:

> Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

*Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.1973); *see also, Shillingford v. Holmes,* 634 F.2d 263, 265 (5th Cir.1981).

Reading Plaintiff's Complaint with the generosity required in *pro se* civil rights actions, the Court has determined that it does state a claim against Trooper Hayden. The Complaint may be read to allege that Trooper Hayden, after gaining full control of Plaintiff, intentionally and maliciously, for no other purpose than to frighten and injure Plaintiff, ordered a state police dog to attack Plaintiff. So read, the Complaint alleges conduct which does indeed "shock the conscience."

The Court need not, and expressly does not, decide what standard should be applied to determining whether police misconduct in the course of a lawful arrest, that is not so egregious that it "shocks the conscience," amounts to a deprivation of constitutional rights that is actionable under 42 U.S.C. § 1983.

### III.

Defendants Sinclair and State Police Chief Allan Weeks contend that the Complaint fails to state a claim against them. With respect to Sinclair, Plaintiff alleged, *inter alia:*

> Defendant Sgt. David W. Sinclair knew of this Defendant Dennis Hayden's actions, and allowed said action and crimes against Plaintiff [sic] body and mind to happen.

Plaintiff alleged that the police chief knew of Trooper Hayden's alleged conduct either before or after it occurred, and

> On information and belief because of these uncalled for threats and attacks, by this state police dog, the policy and practice of the Maine State Police are in violation of the United States Constitution and Defendant Maine State Police Chief has the power and the legal duty to to [sic] and those who practices [sic] but has failed to do so,

█ Section 1983 does not authorize damages liability where an individual had

no personal role in the wrong doing. *Kostka v. Hogg*, 560 F.2d 37, 40 (1st Cir.1977). Such an individual lacks the bad faith required to expose him to damages liability under section 1983. *Id.* Courts have generally rejected vicarious liability as a basis for imposing liability upon a supervisor under Section 1983. *Id.;* see cases cited in Annot., 51 A.L.R.Fed. 285, 291, § 3 (1981). Adoption by a supervisor of a plan or policy, however, which is causally related to a constitutional deprivation may be sufficient to attribute liability to the supervisor. *See Rizzo v. Goode*, 423 U.S. 362, 371, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976) (dicta); *Duchesne v. Sugarman*, 566 F.2d 817, 831 (2d Cir.1977).

While lacking in specificity, Plaintiff's allegations regarding Sinclair, generously construed, are sufficient to suggest that Sinclair was *personally* involved in the alleged misconduct by Trooper Hayden. In this *pro se* action, the allegations are sufficient to survive a motion to dismiss.

With respect to the police chief, the question is whether the Complaint alleges facts which suggest that he implemented or authorized a plan or policy which was affirmatively linked to the alleged incident of police misconduct. The mere allegations that the incident occurred and that the police chief later found out about it are insufficient to support a claim that he implemented or authorized a plan or policy which was linked to the incident. No facts indicating that such a plan or policy exists are alleged. Accordingly, the Complaint fails to state a claim against the police chief.

## IV.

Finally, Defendants argue that Defendants are immune from liability because Plaintiff has failed to allege bad faith on the part of Defendants, all government officials acting in their official capacity. *See Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); *Kostka v. Hogg*, 560 F.2d 37, 40 (1st Cir.1977). It is clear, first of all, that the facts alleged, as they are to be construed on this motion and viewed in the light most favorable to Plaintiff, could not have occurred in the absence of bad faith on the part of Defendants Hayden and Sinclair. Second, the Supreme Court has unequivocally announced that a plaintiff does not have the burden of pleading bad faith in order to state a claim for relief. *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980) (overruling in part *Kostka v. Hogg*, 560 F.2d 37, 40–41 (1st Cir.1977)). Official immunity is a defense to be pleaded affirmatively by the defendant. *Id.* On this motion to dismiss, therefore, Defendants' claim of official immunity must fail.

Accordingly, it is ORDERED:

(1) that Defendants' Motion to Dismiss as to Defendants Hayden and Sinclair be, and is hereby, DENIED;

(2) that Defendants' Motion to Dismiss as to Defendant Maine State Police Chief Allan Weeks be, and is hereby, GRANTED.

So ORDERED.