**Christopher J. MARTIN, Plaintiff,**

v.

**Allen, AFFLERBACH, Thomas Collins, James Denormanie, and Inhabitants of the Town of Norway, Defendants.**

**Civ. No. 85–0035 P.**

United States District Court,
D. Maine.

.

Dec. 12, 1985.

Michael J. O'Donnell, Bethel, Me., Murrough H. O'Brien, Dunlap & O'Brien, Portland, Me., for plaintiff.

at issue the question whether defendant trans- acts business within Michigan.

William W. Willard, Geoffrey H. Hole, John M.R. Paterson, Bernstein, Shur, Sawyer & Nelson, Portland, Me., for defendants.

## ORDER ON DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

GENE CARTER, District Judge.

On the evening of January 31, 1983, plaintiff broke into a residence in Norway, Maine. Defendant Collins, a Norway police officer, had received a tip that the burglary would occur and obtained authorization from defendant DeNormandie, the police chief, to conduct a stakeout at the residence. Defendant Afflerbach, another Norway police officer, was positioned inside the house, and Collins was in a police cruiser in the area. Plaintiff entered the house, and was told by Afflerbach to freeze. Afflerbach then shot plaintiff in the arm.

Plaintiff has brought this eleven count complaint against Chief DeNormandie, Officers Collins and Afflerbach and the Town of Norway seeking relief for alleged violations of his civil rights and for alleged state law torts. Defendants have moved for summary judgment on all the civil rights counts brought under 42 U.S.C. § 1983 except for that stated against Afflerbach for allegedly violating plaintiff's Fourth Amendment right to be free from unreasonable seizure. Defendants have also moved to dismiss the pendent state law claims on the grounds that their presentation will confuse the jury in its determination of the federal claims.

In its response to defendants' summary judgment motion, plaintiff has conceded that Counts X and XI against the Town of Norway, and Count VIII against Defendant DeNormandie must be dismissed. Plaintiff has also agreed that Count IV, which is based on the Maine Constitution, is duplicative and should be dismissed, and has withdrawn his section 1983 claims to the extent they are based on either the Fifth, Eighth, and Ninth Amendments or the Maine Constitution.

In Count VI plaintiff alleges that defendant Collins violated his civil rights by negligently "fail[ing] to instruct, supervise and control Defendant Afflerbach's use of excessive and unlawful deadly force." Complaint ¶ 52. The complaint alleges the initial tip was given to defendant Collins, who got authorization for the stakeout. *Id.* ¶¶ 11–13. Collins assigned defendant Afflerbach to the inside of the house while he patrolled the area in the cruiser. *Id.* ¶¶ 14, 16. Although the officers had agreed to communicate by radio, the radios did not function properly and defendant Afflerbach was not able to contact Collins when the burglary occurred. *Id.* ¶¶ 18, 21.

Plaintiff asserts that defendant Collins was negligent in planning the stakeout so that Afflerbach would be in the target house alone and in failing to provide a reliable means of communication. Plaintiff contends that Collins should have foreseen that Afflerbach would panic and use deadly force under the circumstances and that the failure to plan properly led inevitably to plaintiff's injury. The Court finds the relationship between Collins' allegedly negligent actions and plaintiff's injury to be too attenuated for Collins to have been a cause of the alleged constitutional injury.

The First Circuit Court of Appeals has recently addressed a similar situation. In *Voutour v. Vitale*, 761 F.2d 812 (1st Cir. 1985) two police officers in a police cruiser sought to apprehend a particular car. They saw the parked vehicle and approached using neither siren nor blue light. One of the officers got out of the cruiser and walked toward the plaintiff's car carrying a gun, but without his uniform hat or a prior warning. As the officer approached, the driver of the subject car accelerated, grazing the officer, who then clung to the car and was dragged along. The officer in the cruiser fired at the driver of the subject car, seriously injuring him. Plaintiff in *Voutour* sued not only the officer who shot him but also the officer who had approached the car. That officer, Wheeler,

just as Officer Collins here,[1] had raised an immunity defense and the Court sustained that defense:

> [W]e do not believe that an actor as remote from the primary civil rights violation as Wheeler is to be held liable under section 1983.... These facts, while arguably capable of sustaining a jury finding of negligence or even gross negligence, could not, we think, support the conclusion that the particular constitutional violation (i.e. the shooting of Voutour by Wheeler's partner in violation of Voutour's civil rights) was a result which a person in Wheeler's position "would have known."

To be sure, a reasonable person in Wheeler's shoes might arguably have surmised that some sort of chaotic situation would arise from the arrestee's failure to realize he was being approached by police. But this is different from saying that a reasonable man in Wheeler's position would have known as he was approaching Voutour's car in the way described that Vitale would eventually use excessive force against Voutour—and it was Vitale's use of excessive force that is the constitutional violation. Wheeler would have to have "known" what would occur.

*Id.* at 818–19.

In this case, defendant Collins would have had to have known that Afflerbach would use excessive force (as it must be construed for purposes of this motion, *id.* at 817) in arresting plaintiff. The Court finds as a matter of law that that possibility is far too remote to require defendant to undergo a trial. Plaintiff concedes that a stakeout was a reasonable response to the tip that a burglary might occur. Afflerbach was a trained police officer. Collins

should not have anticipated "panic" in a trained officer in a concededly responsible response to a tip.[2] Moreover, the record demonstrates that Afflerbach had received instruction in the use of firearms and was cognizant of the department regulations on the use of firearms which provided: "The policy of this department is that members shall exhaust every other reasonable means of force before resorting to the use of a firearm." Exhibits A and D to the Affidavit of Chief DeNormandie. Given the department policy, Afflerbach's training and the advance planning, Collins should reasonably have foreseen only an orderly police procedure. An orderly police procedure is far less likely to give rise to excessive use of force than the police generated "chaotic situation" which the Court of Appeals dealt with in *Voutour.* Although as plaintiff suggests, "adoption by a supervisor of a plan or policy ... which is causally related to a constitutional deprivation may be sufficient to attribute liability to the supervisor", *Luce v. Hayden,* 598 F.Supp. 1101, 1105 (D.Me.1984), the requisite causal relation is lacking here.

## CONSTITUTIONAL BASIS FOR § 1983 CLAIMS

◼ Plaintiff has withdrawn his claims brought under the Fifth, Eighth, and Ninth Amendments as well as those brought under the Maine Constitution. He continues to assert his section 1983 claims based on alleged violations of the Fourth and Fourteenth Amendments. Although conceding that the Fourth Amendment claims present a triable issue, defendants contend that plaintiff cannot state a claim under the Fourteenth Amendment for deprivation of a protected liberty interest without due

---

1. Although defendant's motion for summary judgment does not bring forward the immunity defense raised in the pleadings, he does raise it in his memorandum by reference to *Voutour.* The Court will treat the issue as properly raised since plaintiff had an adequate opportunity to and did respond specifically to the points raised in defendants' memorandum.

2. Plaintiff in his memorandum suggests that Collins is responsible for the radio failure experienced at the time of the break-in. The complaint itself and further documents submitted by plaintiff show great care on the part of defendants, however. The officers tested their radios at the scene. Realizing that their normal wave-length might not function, they agreed on an alternate means of communication on the Sheriff's frequency.

process of law. The Supreme Court has held that negligent and intentional deprivations of property which are the result of random and unauthorized acts by state employees acting under color of state law, do not violate the Fourteenth Amendment when the state provides a post-deprivation tort remedy under which the plaintiff can recover for his loss. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). The Court has not yet decided whether the *Parratt-Hudson* rationale applies to deprivation of liberty as well as property. Although a number of federal courts have so held, *see, e.g., Thibodeaux v. Bordelon*, 740 F.2d 329 (5th Cir.1984); *State Bank of St. Charles v. Camic*, 712 F.2d 1140 (7th Cir. 1983), in *Thompson v. City of Portland*, 612 F.Supp. (D.Me.1985) this Court has specifically declined to do so, adopting instead the reasoning expressed by Judge Bownes in his concurring opinion in *Voutour:*

> I do not believe that *Parratt* should be extended beyond deprivations of property. *See Parratt*, 451 U.S. at 545 [101 S.Ct. at 1918] (Blackmun, J., concurring); *Hudson v. Palmer*, 468 U.S. 517, ——, n. 4, 104 S.Ct. 3194, 3197, n. 4, 82 L.Ed.2d 393 (1984) (Stevens, J., concurring in part and dissenting in part). Life and liberty interests are such that due process cannot be satisfied procedurally by the provision of post-deprivation remedies. At some point procedural due process shades into substantive due process, and *Parratt* becomes inapplicable. *Thibodeaux v. Bordelon*, 740 F.2d 329, 338–39, no. 9 (5th Cir.1984).

*Voutour v. Vitale*, 761 F.2d at 826. (Bownes, J., concurring). The Court will, therefore, deny defendants' motion for summary judgment on claims brought by plaintiff under the fourteenth amendment.

## MOTION TO DISMISS STATE CLAIMS

As plaintiff's case is now postured, it consists of one federal claim under section 1983 against defendant Afflerbach, three state law claims against Afflerbach for assault and battery, negligence, and infliction of emotional distress and state law negligence claims against defendants Collins and DeNormandie. Plaintiff has asked the Court to assert pendent jurisdiction over the state claims. In the seminal case on the issue, the Supreme Court stated that where there exists a common nucleus of operative facts, the exercise of pendent jurisdiction is a matter of discretion. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). "The exercise of discretion to hear a state claim ... is governed by 'consideration of judicial economy, convenience, and fairness to litigants.'" *Charles D. Bonanno Linen Service, Inc. v. McCarthy*, 708 F.2d 1, 6 (1st Cir.1983) (*quoting Mayor of Philadelphia v. Educational Equality League*, 415 U.S. 605, 627, 94 S.Ct. 1323, 1336, 39 L.Ed.2d 630 (1974)). The Court may refuse to exercise pendent jurisdiction when "it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139.

■ Although there is a common nucleus of operative facts underlying plaintiff's federal claim and his five remaining state law claims, the Court finds that judicial economy and convenience demand that the latter be tried separately. By injecting five additional state law claims, the scope of the relatively straightforward federal claim would be broadened considerably. Moreover, there are now no federal claims pending against two of the defendants. While the alleged negligence of Collins and DeNormandie is part of the same incident involving defendant Afflerbach, evidence in proof of that negligence would likely have an entirely different focus from the proof of Afflerbach's alleged excessive use of force. The Court, of course, has faith in the ability of jurors to sort out complexities of fact and law. When presentation of such complexities can be easily avoided, however, it seems worthwhile to do so. Therefore, plaintiff's state claims will be dismissed.

Accordingly, it is ORDERED that Counts IV, VIII, X and XI are dismissed with the consent of the plaintiff. Defendant's motion for summary judgment on Count VI is hereby GRANTED and Count VI against the defendant Collins is DISMISSED. Defendants' motion for summary judgment is denied to the extent it seeks to exclude plaintiff's federal claim for relief against defendant Afflerbach based on an alleged violation of the Fourteenth Amendment. Finally, Defendants' motion to dismiss plaintiff's state law claims is hereby GRANTED. Counts II, III, V, VII, and IX are hereby DISMISSED without prejudice to their reassertion in state court.