Anthony MEOLA, Plaintiff,

v.

Joseph E. MACHADO, Defendant.

Civ. A. No. 83–3574–S.

United States District Court,
D. Massachusetts.

Oct. 5, 1984.

**4**

Michael D. Cutler, Goodwin & Cutler, Boston, Mass., for plaintiff.

J. Richard Ratcliffe, Zisson & Veara, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

SKINNER, District Judge.

The plaintiff, Anthony Meola, brought this action against a state trooper, Joseph E. Machado in both his individual and official capacities ("Machado"), alleging that Officer Machado used excessive force in arresting plaintiff for a traffic violation and unnecessarily detained him while he was in need of medical attention. The complaint alleges violations of plaintiff's constitutional rights, his rights under 42 U.S.C. §§ 1983 and 1981, and various torts against his person. Defendant Machado, on August 1, 1984, filed this motion for judgment on the pleadings on the grounds that plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution, and alternatively, that plaintiff has not alleged facts that could support a violation of his constitutional rights. For the reasons stated in this opinion, defendant's motion is DENIED.

The Eleventh Amendment provides that

The Judicial power of the United States shall not be constructed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by citizens or Subjects of any Foreign State.

In particular, this amendment has long been understood to prohibit federal courts from adjudicating suits brought by a citizen against his own state, absent an express waiver of immunity. *Pennhurst State School & Hospital v. Halderman,* — U.S. ——, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984); *Hans v. Louisiana,* 134 U.S. 1, 10–11, 10 S.Ct. 504, 505, 33 L.Ed. 842 (1890). In addition to barring suits against states, the Eleventh Amendment also bars suits against state officials when "the state is the real, substantial party in interest.... Thus, 'the general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter.' " *Pennhurst,* 104 S.Ct. at 908. (citations omitted). Relief "operates against the sovereign" when, among other things, "the judgment sought would expend itself on the public treasury or domain...." *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963). (citation omitted).

In the case at bar, plaintiff Meola is suing Officer Machado in both his individual and official capacities. The defendant argues, however, that the unusual position enjoyed by Massachusetts troopers renders any distinction between individual and official capacities irrelevant here. As noted in

defendant's memorandum of law, Massachusetts General Laws chapter 258, § 9A provides, in part, that

> The commonwealth shall indemnify members of the state police ... from all personal financial loss and expenses, including but not limited to legal fees and costs, if any, in an amount not to exceed one million dollars arising out of any claim, action, award, compromise, settlement or judgment resulting from any alleged intentional tort or by reason of an alleged act or failure to act which constitutes a violation of the civil rights of any person under federal or state law; provided, however, that this section shall apply only where such alleged intentional tort or alleged act or failure to act occurred within the scope of the official duties of such police officer. No member of the state police ... shall be indemnified for any violation of federal or state law if such member acted in a wilful, wanton or malicious manner.

On this basis, the defendant concludes that if the conduct complained of here falls within the ambit of § 9A, the state must indemnify Officer Machado for any judgment in plaintiff's favor. And, since such a judgment would necessarily "expend itself on the public treasury", *Dugan v. Rank, supra,* plaintiff's suit is barred by the Eleventh Amendment.

▆ It is clear, however, that under § 9A, the state has declined to indemnify any officer who has acted in a "wilful, wanton or malicious manner". Indeed, defendant Machado admits in his Memorandum of Law that "in such a situation, the state would not be the real party in interest and the action would not be barred by the Eleventh Amendment". (Defendant's Memorandum, p. 9). Therefore, the applicability of Eleventh Amendment immunity turns upon whether Officer Machado's conduct falls within the protection of M.G.L. c. 258, § 9A.

▆ Arguing by analogy to federal civil rights statutes, the defendant asserts that the term "wilful" as used in M.G.L. c. 258, § 9A, implies a specific intent to deprive a plaintiff of a federally protected right. Defendant's analysis, however, fails to account for the fact that the entire phrase "wilful, wanton or malicious" is stated in the alternative. Thus, even if defendant's proposed definition of the term "wilful" is accepted, the plain language of the statute appears to exclude from state indemnity any conduct taken by officers with "malice" or in "bad faith". In his complaint, plaintiff alleges that trooper Machado was "abusive and assaultive" and that such actions were taken "in bad faith and with malice toward the plaintiff". Such allegations, if proved, would suffice to deprive defendant of any statutory indemnity.

Because plaintiff has alleged actions by defendant Machado which fall outside the indemnity provisions of M.G.L. c. 258, § 9A, the defendant cannot assert the Eleventh Amendment as a bar to this action. Accordingly, defendant's motion for judgment on Eleventh Amendment grounds is DENIED.

▆ Defendant Machado further argues that plaintiff's complaint fails to state a cause of action for a violation of constitutional rights. In order to defeat this motion, plaintiff must allege facts which, if proved, would establish that the conduct complained of was committed under color of state law and that this conduct deprived the plaintiff of federal and constitutional rights, privileges or immunities. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981). There is no dispute that the complaint involved here states allegations of conduct under color of state law. The sole issue, therefore, is whether that conduct may have deprived plaintiff of some federally protected right. I find that plaintiff's complaint does state a claim for violation of his constitutional rights.

▆ Our court of appeals has stated that "we take it as established that, in appropriate circumstances, the use of excessive force or violence by law enforcement personnel violates the victim's constitutional rights". *Landrigan v. City of Warwick,*

628 F.2d 736, 741 (1980). *See also, Schiller v. Strangis,* 540 F.Supp. 605 (D.Mass.1982). While it is true, as defendant argues, that not all unlawful force used by state law enforcement personnel rises to the level of a constitutional violation, I find that the conduct described in plaintiff's complaint and deposition would be sufficiently egregious, if proved, to rise to a constitutional level.

Specifically, plaintiff stated in his deposition that after the defendant stopped him for a routine traffic violation:

> He [the defendant] rushed me and pushed me right to the front seat of my car, which my head went right down to the seat. He was right on top of me and he pulled out his gun and he says, you son of a bitch, if you make one move I'll kill you.—At that time I didn't know what color it [the gun] was. All I know it was a canon facing my face, and he told me to put my hands behind my back, which I did. I said, what's the matter with you? I'm not a criminal.—I said, what—have you gone crazy? I put my hands behind my back so tight. He pulled me out of the car, and he walked me to the cruiser—. And when I got in front of his cruiser, he opened up his door and he punched me right in the left shoulder and down I went on both knees, and he picked me right up and pushed me right in there in the front seat. And he took a belt, and he put that belt to the lower part of my body and he tightened it so tight that my body in a matter of minutes was numb.—After he tied me, he walked away.—After being there five, six seven minutes, or something like that, my body and hands were so sore and numb, I started to holler. I was calling for the police officer to come over to give me some relief because I was suffering. I was in tears. He came over and I told him, I says, please, would you release the handcuffs a little. They're so tight. I says, I'm not a young man. I am sixty-six years of age, I told him. He just said, shut up and stop hollering, and he walked away.

(quoting plaintiff's Memorandum of Law, pp. 2–3).

At this stage of the proceedings, it is not necessary to determine whether a constitutional line was actually crossed by Officer Machado in his treatment of plaintiff Meola. All that is required is to analyze whether, for the purposes of a motion under Fed.R.Civ.P. 12(c), the defendant is entitled to judgment as a matter of law. In my opinion he is not. Accordingly, the motion for judgment on the pleadings is DENIED with respect to the plaintiff's claim under 42 U.S.C. § 1983. Insofar as the complaint purports to state a claim under 42 U.S.C. § 1981, defendant's motion for judgment on the pleadings is ALLOWED.