Janice C. **HATHAWAY**, Plaintiff,

v.

Newman **STONE**, et al., Defendants.

Civ. A. No. 87–1309–C.

United States District Court,
D. Massachusetts.

June 27, 1988.

Sheldon H. Ganz, Boston, Mass., for plaintiff.

Gerard A. Pugsley, Asst. Corp. Counsel, City of Boston Law Dept., Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Senior District Judge.

The plaintiff, Janice Hathaway, brought this action against the City of Boston and various individual employees seeking damages under 42 U.S.C. §§ 1981, 1983, 1985, 1986 and various state laws for alleged injuries. The matter is now before this Court on motions for summary judgment by the City of Boston, and defendants Robert Baird and Walter Reed.

### I. *Facts*

This case stems from an incident that took place on August 31, 1985. At approximately 1:50 p.m., defendant Newman Stone, a Boston police officer, responded to a call at 31 Clarendon Street in Boston. The plaintiff had called the Boston police to remove a car that was preventing her from entering her driveway. For reasons which are disputed, Officer Stone refused to have the car towed after unsuccessfully attempting to find the owner. The plaintiff alleges that Stone threatened to tow the plaintiff's car if she double parked it to go into her apartment. Thereafter, for reasons which are in dispute, an altercation ensued between Stone and Hathaway. The plaintiff claims that Stone physically assaulted her. As a result of this altercation, Stone arrested Hathaway for disorderly conduct, allegedly without legal justification. A neighbor who observed the incident, William Gumes, allegedly told Stone that the arrest was illegal. In response, Stone supposedly threatened Gumes.

While Stone was handcuffing Hathaway, officers Baird and Reed arrived in response to Stone's call for assistance. Baird and Reed then transported Hathaway to the

station while Stone followed in his own cruiser. The neighbor, Gumes, also followed them to the station. At the station, Stone removed Hathaway from the cruiser. The plaintiff claims that Stone threw her to the ground, kicked her and swore at her. The plaintiff claims that Reed and Baird were present while this was going on, and that Gumes called out to Reed and Baird, "Hey, you see that. That's assault and battery. Stop that." Baird and Reed allegedly replied that they only saw Gumes' car blocking the street. The plaintiff was then booked and released on bail.

## II. *Discussion*

In Count II of her complaint, the plaintiff alleges that Boston Police Department (the "Department") and the City of Boston violated her civil rights by failing to train, supervise, and discipline Boston police officers. The City and the Department move for summary judgment on the grounds that the complaint fails to state a claim under 42 U.S.C. § 1983. This argument is, however, more properly directed to a motion for judgment on the pleadings under Fed. R.Civ.P. 12(c), and their motion shall be treated as such. As in a Rule 12(b)(6) motion, judgment under a 12(c) motion will not be granted unless the movant clearly establishes that no material issue of fact remains and that he or she is entitled to judgment as a matter of law. *Society Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir.1988) (quoting 5 C. Wright and A. Miller, *Federal Practice and Procedure*, § 1368 (1969)). Of course, in passing upon such a motion, the Court must view the facts presented in the pleadings and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Id.*

To establish liability of a municipality under § 1983, the plaintiff must show that the individual municipal employees were acting pursuant to some official policy or custom of the city when they violated the plaintiff's rights. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). To establish a custom of failing to train its officers, the plaintiff must show,

at least, that the municipality acted with gross negligence amounting to deliberate indifference in carrying out these responsibilities. *Williams v. City of Boston*, 784 F.2d 430, 434–35 (1st Cir.1986); *Voutour v. Vitale*, 761 F.2d 812, 820 (1st Cir.1985); *Kibbe v. City of Springfield*, 777 F.2d 801, 803 (1st Cir.1985), *cert. dismissed*, 480 U.S. 257, 107 S.Ct. 1114, 94 L.Ed.2d 293 (1987). Such a showing requires that the municipal decision makers knew or should have known of officers' misconduct, and that they failed to take reasonable measures to rectify the situation. *Voutour*, 761 F.2d at 823; *Woodley v. Town of Nantucket*, 645 F.Supp. 1365, 1378 (D.Mass.1986).

In this case, though, the plaintiff fails to allege any facts concerning the City's knowledge of police misconduct or the City's attempts, or lack thereof, to prevent such misconduct. Rather, the plaintiff makes numerous conclusory allegations that the City knew or should have known of a pattern of police misconduct. Such conclusory allegations, however, are not sufficient to state a claim. As the Court of Appeals for the First Circuit has noted, "[C]omplaints based on civil rights statutes must do more than state simple conclusions; they must at least outline the facts constituting the alleged violations." *Goldman v. Sears, Roebuck & Co.*, 607 F.2d 1014, 1018 (1st Cir.1979); *Fisher v. Flynn*, 598 F.2d 663, 665 (1st Cir.1979). *See also Martin v. New York State Dept. of Mental Hygiene*, 588 F.2d 371 (2d Cir.1978) (affirming dismissal of the plaintiff's civil rights claim where the plaintiff failed to allege any facts to support his allegation that he had been denied employment benefits on account of his race). The claim must at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why. *Dewey v. University of New Hampshire*, 694 F.2d 1, 3 (1st Cir. 1982).

Ignoring the numerous conclusory allegations, the plaintiff's complaint at most supports a claim that the individual officers violated the plaintiff's constitutional rights. Without more, a single alleged

incident of individual misconduct will not support the inference that the City failed to train, supervise, or discipline its officers. *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 823–24, 105 S.Ct. 2427, 2436–37, 85 L.Ed.2d 791 (1985); *Wierstak v. Heffernan,* 789 F.2d 968, 974 (1st Cir.1986); *Kibbe,* 777 F.2d at 805. Since the plaintiff fails to allege facts sufficient to state a claim under § 1983, the City's motion for judgment on the pleadings should be granted.[1]

■ In Count III, the plaintiff alleges that the defendants violated the Massachusetts Civil Rights Statute, M.G.L. c. 12 § 11I. That section provides a cause of action against any person who interferes by threats, intimidation, or coercion, with the exercise of any rights secured by the constitutions or laws of the United States or the Commonwealth. The City of Boston and the Department argue that this claim should be dismissed also.

I agree that the plaintiff's complaint fails to state a claim against City and the Department and § 11I. To state a claim against the City on the Department under § 11I, the plaintiff must allege that the defendants interfered with their rights "by threats, intimidation, or coercion." *See Bell v. Mazza,* 394 Mass. 176, 182, 474 N.E.2d 1111 (1985) (noting that the state legislature explicitly limited the remedy provided by § 11I to situations where the derogation of rights occurs by threats, intimidation, or coercion). In this case, even assuming the City or the Department failed to train, discipline, or supervise its officers, such a failure did not involve threats, intimidation, or coercion by the City or the Department. Therefore, even if the plaintiff had alleged sufficient facts to state a claim under § 1983, failure to train, supervise, or discipline is not actionable under M.G.L. c. 12 § 11I.

■ The City next moves for summary judgment on Count IX. The City argues that this count states a claim for assault and battery and other intentional torts, for which the City may not be held liable under M.G.L. c. 258. Massachusetts law requires a plaintiff to sue the City for damages resulting from the negligent acts of its employees. M.G.L. c. 258 § 2 (1988). The City may not be sued, however, for "any claim arising out of an intentional tort." M.G.L. c. 258 § 10 (1988). Here, the City is correct in arguing that it could not be sued for the alleged assault and battery committed by Stone. The City misconstrues the plaintiff's complaint, however. Count IX alleges that the City was negligent in training, supervising, and continuing to employ Stone, which negligence resulted in the assault and battery. This claim is based on the City's own negligence, rather than Stone's intentional tort. The negligence claim against the City does not "arise out of" Stone's intentional torts, but rests on an independent negligent act by the City. *See Ortiz v. County of Hampden,* 16 Mass. App.Ct. 138, 449 N.E.2d 1227 (1983) (plaintiff's action alleging negligent record-keeping by the County, which resulted in the issuance of a default warrant for the plaintiff, did not arise out of the resulting false imprisonment). Accordingly, the City is not entitled to summary judgment on Count IX.

■ Officers Baird and Reed also move for summary judgment on the plaintiff's § 1983 claims against them. The defendant argue that their actions, as alleged by the plaintiff, did not rise to the level of a constitutional deprivation as a matter of law. Even if it did, they further contend that they are entitled to qualified immunity. For the reasons set out below, I disagree with the defendants, and rule that they are not entitled to summary judgment on the § 1983 claims.

Beginning the analysis with the complaint, the plaintiff alleges that Officer Stone used excessive force in arresting her and in holding her. It is well settled that the use of excessive force by police in

---

1. The plaintiff also argued that the Court should delay acting on the defendant's motion until further discovery has taken place. Where the plaintiff fails to state a claim, he is not entitled to discovery merely to find out whether or not there is a factual basis for his claim. *Kadar Corp. v. Milbury,* 549 F.2d 230, 233 n. 2 (1st Cir.1977).

arresting and detaining a suspect may violate the suspect's fundamental constitutional rights. *Landrigan v. City of Warwick*, 628 F.2d 736, 741–42 (1st Cir.1980). On the other hand, not all unlawful use of force by police rises to the level of a constitutional violation. *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973); *Bibbo v. Mulhern*, 621 F.Supp. 1018, 1024 (D.Mass.1985); *Meola v. Machado*, 602 F.Supp. 3, 6 (D.Mass.1984). The determination as to whether the force used by the police was unconstitutionally excessive involves an *ad hoc* consideration of all the circumstances, including the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury inflicted, and whether the force was applied in a good faith effort to maintain discipline, or maliciously for the very purpose of causing harm. *Johnson v. Glick*, 481 F.2d at 1033; *Bibbo*, 621 F.Supp. at 1024. In this case, accepting the plaintiff's allegations are true, a jury could find that Officer Stone used unconstitutionally excessive force in arresting and detaining the plaintiff.

Assuming Stone used excessive force, the question is whether Officers Reed and Baird could be held liable for this deprivation of the plaintiff's constitutional rights. Liability may be imposed under § 1983 upon one who has a duty to act to prevent a deprivation of anther's constitutional rights, and who fails to do so in reckless disregard of the other's constitutional rights. *Clark v. Taylor*, 710 F.2d 4, 9 (1st Cir.1983). Thus courts have held that a police officer who fails to prevent the use in his presence of excessive force by another officer may be held liable under § 1983. *See, e.g. Byrd v. Brishke*, 466 F.2d 6 (7th Cir.1972); *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir.1982); *Bibbo v. Mulhern*, 621 F.Supp. 1018. Therefore, assuming Officer Stone was using unconstitutionally excessive force, Officers Baird and Reed may be held liable if they were present when the plaintiff was beaten, they knew that such force was being used, and they failed to stop Officer Stone from using such force. The plaintiff alleges that Reed and Baird were present when Stone allegedly dragged her from the patrol car and kicked

her. The plaintiff also alleges that the officers saw Stone assaulting her. Not only did the officers fail to stop Stone, they allegedly threatened Gumes when he tried to get them to protect the plaintiff. Based on these facts, a jury could find Reed and Baird liable under § 1983. Reed and Baird, of course, claim that they did not know Stone was assaulting the plaintiff. This is, however, an issue of material fact the precludes summary judgment.

As mentioned, Reed and Baird also argue that they are entitled to summary judgment based on qualified immunity. To be sure, the First Circuit has recognized that there is a good faith immunity defense available under § 1983 in excessive force cases. *Voutour v. Vitale*, 761 F.2d 812, 818 (1st Cir.1985). As set out in *Voutour*, the standard for qualified immunity is whether a government official performing discretionary functions should reasonably have known that his or her actions violated clearly established statutory or constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed. 2d 396 (1982); *Voutour*, 761 F.2d at 818. In applying this standard, the court should inquire first whether the official's actions violated the constitutional rights of the plaintiff, and second, whether these rights were clearly established at the time the action occurred. *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738. In practice, however, courts have applied the shorthand analysis of the reasonable official. That is, courts inquire whether a reasonable official in the defendant's position would have realized that his actions would violate the plaintiff's constitutional rights. *See Voutour*, 761 F.2d at 819 (police officer entitled to immunity since a reasonable man in his position would not have known that his actions would result in the decedent's death); *Martin v. Afflerbach*, 623 F.Supp. 565, 567 (D.Me.1985) (granting immunity because the defendant could not have foreseen that his actions would cause a constitutional violation).

Applying these principles to this case, it is clear that under the facts alleged, Baird and Reed are not entitled to summary judg-

ment on the basis of qualified immunity. At the time the events took place, the law concerning an officer's duty to protect prisoners from another officer's use of excessive force was clearly established. *See, e.g., Byrd v. Brishke,* 466 F.2d 6; *Bruner v. Dunaway,* 684 F.2d 422. Moreover, a reasonable officer who saw another officer drag an arrestee from a car, throw her to the ground, and begin to kick her, as the plaintiff alleges, would realize that he was under a duty to stop the assault. Therefore, Reed and Baird are not entitled to immunity. *See Bibbo v. Mulhern,* 621 F.Supp. at 1018 (officer not entitled to summary judgment on qualified immunity grounds where there are disputed issues of fact as to whether a reasonable officer would have concluded that deadly force was required).

Defendants Reed and Baird also move for summary judgment on the Massachusetts Civil Rights claim against them (Count III). The defendant's argue that the plaintiff's allegations are wholly conclusory, and therefore fail to state a claim under M.G.L. c. 12 § 11I. The allegations discussed above, however, are sufficient to support the reasonable inference that Reed and Baird conspired with Stone to deprive the plaintiff of her rights by threats, intimidation or coercion. Therefore, their motion for summary judgment on Count III should be denied.

As a final matter, the City and the plaintiff request that the case be retransferred to Massachusetts Superior Court. In light of the federal claims remaining against the individual officers, this Court shall retain jurisdiction over all remaining claims.

Order accordingly.

### ORDER

In accordance with memorandum filed this date, it is ORDERED:

1. The City of Boston's motion for judgment on the pleadings on Counts II and III is granted;

2. The City of Boston's motion for summary judgment on Count IX is denied; and

3. Robert Baird's and Walter Reed's motion for summary judgment on Counts II and III are denied.