Richard N. SHEEHY, Shirley Sheehy,
and Leah Sheehy, Plaintiffs,

v.

TOWN OF PLYMOUTH and
Rita Quinn, Defendants.

Civil Action No. 95–12425–MLW.

United States District Court,
D. Massachusetts.

Dec. 12, 1996.

Allen H. Tufankjian, Law Office of Allan H. Tufankjian, Brockton, MA, Robert S. Wolfe, Wolfe Associates, Boston, MA, for Plaintiffs.

Robert P. Sherman, Hutchins, Wheeler & Dittmar, Boston, MA, Edward P. Reardon, Austin M. Joyce, Reardon & Reardon, Worchester, MA, for Defendants.

***MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS (# 3) AND MOTION BY RICHARD N. SHEEHY, SHIRLEY SHEEHY AND LEAH SHEEHY FOR LEAVE TO FILE AMENDED COMPLAINT (# 19)***

COLLINGS, United States Magistrate Judge.

### I. Introduction

On November 6, 1995, the state court action instituted by the plaintiffs Richard N.

Sheehy, his wife, Shirley Sheehy and their daughter, Leah Sheehy, against the defendants, the Town of Plymouth and Rita Quinn, a police officer employed by the Town of Plymouth, was removed to the federal court. The individual defendant filed an answer in response to the complaint, and, in addition, Officer Quinn and the Town of Plymouth joined in filing a motion to dismiss certain counts of the complaint together with a memorandum in support. On their part, the plaintiffs submitted a memorandum in opposition to the motion to dismiss.

With the parties' consent, this case was referred and reassigned to the undersigned United States Magistrate Judge for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636(c). On October 4, 1996, following this case reassignment, oral argument was heard on the motion to dismiss, which was then taken under advisement. Shortly thereafter on October 21, 1996, the plaintiffs filed both a supplemental memorandum in opposition to the motion to dismiss and a motion for leave to file an amended complaint seeking permission to file an amended complaint with respect to one count, Count IV, which was subject to the motion to dismiss.[1] On November 8, 1996, the defendants duly filed their memorandum in opposition to the motion to amend. At this juncture, the motion to dismiss as well as the motion to amend the complaint are in a posture for decision.

## II. The Facts

As acknowledged by the defendants, it is axiomatic that in the context of a motion to dismiss, all the factual averments of the complaint are accepted as true. Thus, it is upon the factual allegations of the complaint that this background recitation is premised.

The plaintiffs are all residents of the Town of Plymouth and, as earlier noted, defendant Quinn works for the Town of Plymouth as a member of its police force. In the early evening of August 20, 1994, at around 6:30 P.M., an intoxicated neighbor, one Warren R. Baker, Jr., was making offensive remarks to

Shirley Sheehy from his front yard. Richard N. Sheehy, a retired state police officer, while attempting to resolve the situation, was unexpectedly struck in the eye by Mr. Baker. Mr. Sheehy restrained Mr. Baker, and, when calm had been restored, released him. Mr. Baker then proceeded to kick the retreating Mr. Sheehy in the back. Richard Sheehy returned to his home.

After being called by other neighbors, members of the Plymouth police including defendant Rita Quinn arrived at the scene. Officer Quinn was advised by these neighbors that Warren Baker was apparently drunk and had caused the disturbance. Mr. Baker, known by Plymouth police to have been involved in other assault and battery complaints including domestic violence complaints and an assault and battery upon a Plymouth police officer, was questioned by Officer Quinn. At the same time, Richard Sheehy was interviewed by a Sergeant Flynn of the Plymouth police who had responded to the call with Officer Quinn.

Subsequent to the questioning by Sergeant Flynn, Officer Quinn entered onto the premises owned by Richard Sheehy and demanded that he give her a statement. Mr. Sheehy refused, explaining that he had already provided the information to Sergeant Flynn and that he had to attend to his daughter Leah, a minor child with Down's Syndrome, who was upset by Officer Quinn's loud voice and aggressive demeanor. Officer Quinn persisted in demanding that Mr. Sheehy give her another statement, and Richard Sheehy continued to refuse. At that point, Officer Quinn arrested Mr. Sheehy for failure to provide the requested information, handcuffed him and brought him to the police cruiser as his wife and daughter watched. Richard Sheehy again explained that he had given the pertinent information to Sergeant Flynn, and also stated that Officer Quinn's actions were illegal.

While in the cruiser at the Sheehy house, a third police officer advised Officer Quinn that she could not arrest Mr. Sheehy for failing to

---

1. In fact, the proposed amended complaint also makes other minor changes which are discussed, *infra*.

provide information. In the wake of this discussion, Officer Quinn determined to arrest Richard Sheehy for a second time, in this instance, for being a disorderly person. Given the dearth of any facts or circumstances to support such a charge, it is alleged that this second arrest was made to shield the initial illegal arrest.

The plaintiff Richard Sheehy was transported to the Plymouth police station. At the station, it is alleged that Officer Quinn together with other Plymouth police officers [2] entered into a conspiracy, agreeing that the disorderly conduct charge would not suffice to support a valid arrest since witnesses to the events would corroborate that there had been no disorderly conduct. Moreover, these civilian witnesses had seen Officer Quinn within moments twice arrest Mr. Sheehy illegally. Thus, purportedly in furtherance of the conspiracy, Richard Sheehy was then charged with a felony, to wit, assault and battery by means of a dangerous weapon. It is alleged that the Plymouth police knew that the charges against Richard Sheehy were bogus at least for the following reasons: their familiarity with Warren Baker and his criminal record; statements by neighbors who had witnessed the occurrence; the fact that only Mr. Sheehy had been hurt; the fact that Warren Baker had not complained about an assault and battery by means of a dangerous weapon; the fact that Mr. Baker was then in default on a drug possession charge; and, finally, the history of domestic violence involving Mr. Baker, including the fact that on August 20, 1994, he had two domestic assault and battery complaints pending against him.

After he was arrested and jailed, Richard Sheehy was released on his own recognizance. He pleaded not guilty at his arraignment on August 22, 1994. Approximately one month later at the pre-trial conference on September 26, 1994, the Plymouth County

District Attorney's Office refused to prosecute the case. Consequent to this decision, a judge in the district court dismissed the charges against Richard Sheehy.

### III. The Motions

Pursuant to Fed.R.Civ.P. 12(b)(6) the defendants have moved to dismiss Counts I, II, III, V and VI of the complaint in their entirety, and Count IV insofar as the Town of Plymouth is named, all for failure to state claims for which relief can be granted. In their opposition, the plaintiffs concede that the claims alleged in Counts V and VI are not viable [3], and should be dismissed.

The motion to amend relates primarily to the allegations against the Town of Plymouth in Count IV, although some more particularized allegations are added to other counts in the proposed amended complaint.[4] The merits of that motion shall be addressed separately.

#### A. The Motion To Dismiss

##### 1. Count I—Claim Under The Massachusetts Tort Claims Act

Count I of the complaint is brought by Richard Sheehy under Mass.Gen.L. c. 258, the Massachusetts Tort Claims Act. Mr. Sheehy alleges that the defendants knew or should have known that there was no probable cause to believe that he had committed the crimes with which he was charged. It is averred, inter alia, that the defendants carelessly and negligently investigated the case in violation of the law, regulations, and department procedures; that the defendants carelessly and negligently misstated or failed to reveal exculpatory information to the Office of the District Attorney and the court when the complaint was sought against Richard Sheehy; and that the defendants carelessly, negligently, and recklessly

---

**2.** In the proposed amended complaint, these "other Plymouth police officers" are more particularly identified as "several supervisory officers including at least two sergeants and one lieutenant."

**3.** These were claims for loss of consortium alleged by Shirley Sheehy and Leah Sheehy under the Massachusetts Civil Rights Act, Mass.Gen.L. c. 12, §§ 11H and 11I.

**4.** The proposed amended complaint also deletes those claims which the plaintiffs agree should be dismissed.

provided false information to the court when the complaint was sought against Richard Sheehy. Specifically with respect to the Town of Plymouth, it is alleged that this defendant, "with gross negligence and deliberate indifference, failed to train and/or with gross negligence and deliberate indifference, failed to supervise the Town of Plymouth police regarding the investigation of the incident and arrest" of Richard Sheehy. (Complaint # 1, ¶ 31) As a result of this purported carelessness and deliberate indifference, Mr. Sheehy claims to have sustained significant damages.

■ The Massachusetts Tort Claims Act provides that "[p]ublic employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment." Mass.Gen.L. c. 258, § 2. The apparent breadth of this provision is somewhat circumscribed; exempted from coverage is

> any claim arising out of an intentional tort, including assault, battery, false imprisonment, false arrest, intentional mental distress, malicious prosecution, malicious abuse of process, libel, slander, misrepresentation, deceit, invasion of privacy, interference with advantageous relations or interference with contractual relations.

Mass.Gen.L. c. 258, § 10(c).

In short, while a public employer will be held responsible for the negligent or wrongful acts of a public employee, a public employer cannot be held liable for the intentional conduct undertaken by a public employee acting within the scope of his or her employment when that intentional conduct causes harm to another.

The defendants' position with respect to Richard Sheehy's claim under chapter 258 is straightforward. They contend that the allegations in Count I are an attempt

> to end run chapter 258's clear prohibition against claims arising out of intentional torts by styling the claims as one based upon negligent failure to train and/or supervise police officers in the Town of Plymouth ... [T]he claim set forth [in Count One] unambiguously "arises out of" the alleged intentional torts that underlie plaintiffs' Complaint (i.e., false arrest, false imprisonment, malicious use of process, malicious prosecution, etc.). This is underscored by the fact that the plaintiffs do not base the chapter 258 claim upon the alleged negligence of named or unnamed training personnel or supervisors of the Plymouth Police Department, but rather upon the alleged intentional acts of Officer Quinn.

Defendants' Memorandum In Support Of Motion To Dismiss # 4 at 4–5.

The seminal question is whether the claims in Count I which sound in negligence **arise out of** the intentional torts alleged to have been committed by Officer Quinn [5] or whether they arise out of negligent or wrongful acts of other employees for which the public employer can be held liable. The First Circuit, in considering a motion to dismiss a claim brought under the Federal Tort Claims Act [6], has advised that "[i]n examining a complaint we are bound to look beyond the literal meaning of the language used to ascertain the real cause of the complaint." *Jimenez–Nieves v. United States*, 682 F.2d 1, 6 (1 Cir., 1982) (citations omitted). In undertaking this task, of course, the standard for a Rule 12(b)(6) motion must be applied: "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–

---

5. Richard Sheehy does allege a claim for violation of 42 U.S.C. § 1983 against Rita Quinn in which he asserts that "[t]he acts, conduct and behavior of the defendant Rita Quinn were performed knowingly, intentionally and maliciously by reason of which the Plaintiff is entitled to an award of punitive damages to be determined by this litigation."

6. The Massachusetts Supreme Judicial Court has acknowledged that "[w]e have long recognized the c. 258 tracks the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) *et seq.* (1988) (Federal Act). Thus, in interpreting c. 258, we have found Federal court decisions construing provisions of the Federal Act helpful." *Sena v. Commonwealth*, 417 Mass. 250, 255, 629 N.E.2d 986, 989 (1994) (citations omitted).

46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Moreover, all reasonable inferences to be drawn from the facts alleged in the complaint are to be taken in favor of the plaintiffs. *See, e.g., Tamburello v. Comm–Tract Corp.,* 67 F.3d 973, 975 (1 Cir., 1995).

In Count I, Richard Sheehy surely alleges facts regarding the conduct of Officer Quinn. Indeed, only Rita Quinn and the Town of Plymouth are named as defendants; it is "the defendants" who purportedly "carelessly and negligently investigated the case," "carelessly and negligently misstated and/or failed to disclose relevant exculpatory information," and "carelessly, negligently and recklessly provided false information to the court." Reference is made, however, to a conspiracy between Officer Quinn and other "police officers employed by the Town of Plymouth" as well as what "the Plymouth Police" knew or had reason to believe in Count I. From these allegations, the plaintiff concludes that the Town of Plymouth "failed to train and/or ... failed to supervise the Town of Plymouth police." In other words, it is alleged, or at a minimum reasonably inferred, that Richard Sheehy is complaining that these other Plymouth police officers, if they were of higher rank, failed to supervise Officer Quinn in the investigation by essentially trying to cover up what could be viewed as defendant Quinn's illegal acts, and further condoning the alleged negligent provision of information to the court and the District Attorney's office.

The cases construing the Massachusetts Tort Claims Act permit claims to be brought under chapter 258 when the negligence **precedes** the intentional torts. For example, in the case of *Dobos v. Driscoll,* 404 Mass. 634, 537 N.E.2d 558 (1989), the claim of negligence was that a state trooper's supervisors had knowledge of his past misconduct and failed to discipline him so that he committed intentional torts against the plaintiff. The Supreme Judicial Court, addressing an argument that the Commonwealth was exempt from liability under section 10(c), wrote that:

> [W]here the supervisory officials allegedly had, or should have had, knowledge of a public employee's assaultive behavior, it is the supervisors' conduct, rather than the

> employee's intentional conduct, that is the true focus of the case.

*Dobos,* 404 Mass. at 653, 537 N.E.2d at 569.

Similarly, in another case, the plaintiff claimed that governmental officials negligently issued a warrant for him when they had meant to issue a warrant for someone else. This resulted in the arrest of the plaintiff. The plaintiff

> alleged negligent record keeping by county employees as the offending governmental activity leading to his improper arrest and imprisonment, rather than an intentional and unlawful confinement by the city police. There is a distinction between the conduct which forms the basis of a cause of action in negligence and one for false imprisonment ... The gravamen of the complaint is predicated not upon any conduct of the police but is directed at the conduct of those who prepared the warrant.

*Ortiz v. County of Hampden,* 16 Mass.App. Ct. 138, 140, 449 N.E.2d 1227, 1228 (1983) (citations omitted).

In reaching this conclusion, the Appeals Court rejected the conclusion that the plaintiff's claim was barred by section 10(c). The Supreme Judicial Court approved of the Appeals Court's decision in *Ortiz* in the case of *Doe v. Town of Blandford,* 402 Mass. 831, 837–8, 525 N.E.2d 403, 407–8 (1988).

A case decided in the federal district court in Massachusetts, applying Massachusetts law, reached the same result, the court writing:

> Count IX alleges that the City was negligent in training, supervising, and continuing to employ [the police officer], which negligence resulted in the assault and battery. This claim is based on the City's own negligence, rather than [the police officer's] intentional tort. The negligence claim against the City does not "arise out of" [the police officer's] intentional torts, but rests on an independent negligent act by the City.

*Hathaway v. Stone,* 687 F.Supp. 708, 711 (D.Mass., 1988) (citation omitted).

These cases can be read in a manner consistent with the statute since it can be said

that earlier negligence does not "arise out of" a subsequent intentional tort. As recognized in *Doe v. Town of Blandford*, 402 Mass. at 837–8, 525 N.E.2d at 407–8, the *Ortiz* case represents a "narrow" interpretation of what is exempt from coverage as a result of the "arising out of" language. The same language in the Federal Tort Claims Act is read more broadly. In the case of *United States v. Shearer*, 473 U.S. 52, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985), a Federal Tort Claims Act case, the plaintiff sued the United States for negligence in connection with the kidnap and murder of her serviceman son by a fellow serviceman. It was alleged that the Army negligently failed to exercise control over the fellow serviceman whom it knew had previously been convicted of manslaughter. The Supreme Court held that the negligence claim was barred by the "arising out of" language, writing:

> The Federal Tort Claims Act's waiver of sovereign immunity does not apply to "[a]ny claim arising out of assault [or] battery," 28 U.S.C. § 2680(h), and it is clear that respondent's claim arises out of the battery committed by Private Heard. No semantical recasting of events can alter the fact that the battery was the immediate cause of Private Shearer's death and, consequently, the basis of the respondent's claim.
>
> Respondent cannot avoid the reach of § 2680(h) by framing her complaint in terms of negligent failure to prevent the assault and battery. Section 2680(h) does not merely bar claims for assault and battery; in sweeping language, it excludes any claim arising out of assault and battery. We read this provision to cover claims like respondent's that sound in negligence but stem from a battery committed by a Government employee.

*United States v. Shearer*, 473 U.S. at 54–5, 105 S.Ct. at 3041.

The case upon which the defendants place great reliance is *Doe v. Town of Plymouth*, 825 F.Supp. 1102 (D.Mass., 1993). In that case, the plaintiff brought claims of civil rights violations against a police officer, one Tibbetts, and the municipality for disclosure of her positive HIV status. Within the rele-

vant negligence claim under chapter 258 § 10(c), the plaintiff alleged that the Town of Plymouth was liable based " 'on the town's negligent failure to train its officers in HIV and/or AIDS confidentiality matters.' " *Doe*, 825 F.Supp. at 1112 (record citation omitted). In discussing the claim, the court wrote that

> Chapter 258 is designed to abrogate certain instances of governmental immunity by creating an exclusive remedy for negligent and/or wrongful acts committed by employees of public employers. The express provisions of section two state that liability is based upon the public employee's negligent or wrongful conduct. Plaintiff's allegations against the town are based on [the police officer's] intentional infliction of emotional distress and his interference with the plaintiff's right to privacy. Stated otherwise, although the town is not named on counts one through four, liability under chapter 258 is premised not on the independent liability of the public employer but upon the acts of its public employees. As such, the scope of chapter 258 does not create a waiver of the town's immunity for such *intentional misconduct which is governed under the common law.*

*Doe*, 825 F.Supp. at 1112 (footnote omitted). The court further observed that

> Defendants correctly note, albeit in one sentence, that the town cannot be held liable for [the police officer's] intentional acts. While the indemnity provisions may apply, the town is not directly liable under chapter 258 for "any claim," including failure to train, "arising out of an intentional tort" such as invasion of privacy. Mass. Gen.L. ch. 258 § 10(c). Plaintiff brings count V against the town rather than against the negligent, unidentified town employees involved in the alleged negligent training of [the police officer]. Dismissal on a summary judgment motion of count V, as brought under chapter 258, is therefore proper.

*Doe*, 825 F.Supp. at 1112 (footnote omitted).

It is difficult to discern the precise holding of *Doe*. The plaintiffs correctly point out that the chapter 258 claim in *Doe* was decided on a motion for summary judgment. Indeed, the court specifically indicated that it

need not apply the Rule 12(b)(6) standard. *Doe*, 825 F.Supp. at 1112 at n. 16. It could very well be that the court found that there was no evidence of any negligent acts by any town officials and that the evidence reflected nothing other than intentional acts; such could be inferred from the sentence "[p]laintiff's allegations against the town are based on Tibbetts' intentional infliction of emotional distress and his interference with her right to privacy". *Doe*, 825 F.Supp. at 1112.

The case may stand for the proposition that in order to state a valid claim under chapter 258 against a public entity whose employees are alleged to have been negligent, a plaintiff must specifically name the employees as parties defendant. This inference can be drawn from the statement that:

> Plaintiff brings count V against the town rather than against the negligent, unidentified town employees involved in the alleged negligent training of [the police officer]. Dismissal on a summary judgment motion of count V, as brought under chapter 258, is therefore proper.

*Doe*, 825 F.Supp. at 1112.

If this is a holding of the case, I respectfully disagree with it. As I read Massachusetts law, a plaintiff can bring an action under chapter 258 against a public entity on the basis of negligent acts of its employees without naming the employees as parties defendant. Indeed, that was precisely what the plaintiff in the *Ortiz* case did; none of the employees who were asserted to be negligent were named as parties. *Ortiz*, 16 Mass.App. Ct. 138, 449 N.E.2d 1227. Furthermore, the plaintiff does not have a claim against public employees who were negligent when acting within the scope of their employment; chapter 258 creates an exclusive remedy, and that remedy is against the public entity, not the employees.

Lastly, the *Doe* case may stand for the proposition that any negligence of town officials in failing "... to train its officers in HIV and/or AIDS confidentiality matters", *Doe*, 825 F.Supp. at 1112, **prior to** Officer Tibbetts' intentional torts arises out of those intentional torts and is therefore barred. The statement that under chapter 258 § 10(c), "... the town is not directly liable

for 'any claim' including failure to train, 'arising out of an intentional tort' such as invasion of privacy," *Id.*, would seem to stand for that proposition. Again, if this is the holding of the case, I respectfully disagree with it. As indicated, *supra*, unlike the meaning given the phrase by federal courts construing the Federal Tort Claims Act, the phrase "arising out of" in the Massachusetts Tort Claims Act does not bar an action against a public entity for negligence of its employees which precedes an intentional tort. *Ortiz*, 16 Mass. App.Ct. at 139–40, 449 N.E.2d at 1228–9; *Dobos*, 404 Mass. at 653, 537 N.E.2d at 569; *Hathaway*, 687 F.Supp. at 711; *Doe v. Town of Blandford*, 402 Mass. at 837–8, 525 N.E.2d at 407–8.

Apart from distinguishing the *Doe* decision, the plaintiffs rely on cases to support their claim that are not particularly helpful. For example, the footnote from the *Sena* decision quoted by the plaintiffs in their memorandum relates to a discussion of the exception found in Mass.Gen.L. c. 258, § 10(b) having to do with discretionary functions, an exemption not advanced by the defendants in seeking dismissal. So, too, do the cases of *Horta v. Sullivan*, 418 Mass. 615, 638 N.E.2d 33 (1994), *Irwin v. Town of Ware*, 392 Mass. 745, 467 N.E.2d 1292 (1984) and *Carleton v. Town of Framingham*, 34 Mass.App.Ct. 686, 615 N.E.2d 588 (1993) all involve the exemption under section 10(b), and therefore are not relevant to the present discussion.

Reading the complaint, as well as all reasonable inferences in favor of Richard Sheehy, the thrust of Count I can be viewed as alleging that supervisory personnel on the Plymouth police force, after Officer Quinn arrested Mr. Sheehy a second time for disorderly conduct and took him to the station, were negligent in failing properly to train and/or supervise Officer Quinn knowing what she was doing to avoid the consequences of her illegal arrests of Mr. Sheehy, and, as a consequence of this negligence, the plaintiff "was denied his freedom and sustained significant damages." The gravamen of this claim is negligence, a failure to use that degree of care which a reasonably prudent supervisory police officer would use knowing

126

that Officer Quinn was engaged in a type of coverup.

It is important to note this negligence which Mr. Sheehy alleges in the instant case occurred **after** the intentional torts were allegedly committed by Officer Quinn. This differentiates this case from cases such as *Ortiz, Doe v. Town of Blandford* and *Hathaway* in which the negligence occurred **before** the alleged intentional tort. Logically, one could argue that negligence before does not "arise out of" a subsequent intentional tort but negligence occurring after and as a result of the intentional tort does "arise out of" the intentional tort. Surely, the Massachusetts legislature intended the "arising out of" language to mean something more than that a public entity is not liable for intentional torts.

How much more is the question. Under the Federal Tort Claims Act, it encompasses much more. *United States v. Shearer*, 473 U.S. at 54–5, 105 S.Ct. at 3041–2. It encompasses less under Massachusetts law, but how much less is an open question. *See generally* Glannon, "Recovery for Civil Rights Violations in Massachusetts: A Comparison of Section 1983 with State Tort Remedies", *Suffolk University Law Review*, Vol. XVIII, p. 247. For example, what if Officer Quinn, during the course of the allegedly false arrest, had injured Mr. Sheehy seriously enough so that he required medical attention. Suppose further that Officer Quinn placed Mr. Sheehy in a jail cell and the officers who had responsibility for prisoners in the cell block negligently ignored Mr. Sheehy's need for medical care. It would seem that Mr. Sheehy would have a negligence claim against the Town of Plymouth for these officers' negligence and that such a claim would not be barred on the ground that the claim was one "arising out of" Officer Quinn's intentional torts. *Id.* at 295. The same might be said of Mr. Sheehy's claim that Officer Quinn's supervisors negligently supervised her activities after Mr. Sheehy's arrest in the manner described in paragraphs 26–31 of the complaint.

In these circumstances, it is my opinion that it cannot be said ". . . beyond doubt that the plaintiff can prove no set of facts in support of his claim [in Count I] which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45–6, 78 S.Ct. at 102. Accordingly, the motion to dismiss Count I shall be denied. This will not preclude the defendant Town of Plymouth from filing a motion for summary judgment on Count I after discovery is completed.

### 2. Counts II and III—Claims for Loss of Consortium

■ Turning to Counts II and III, these are claims for loss of consortium under Mass. Gen.L. c. 258 alleged by Shirley Sheehy and Leah Sheehy respectively. The defendants contend, and the plaintiffs do not contest, that the validity of these two claims rises or falls upon the viability of Richard Sheehy's tort claim alleged in Count I. In other words, "[i]n Massachusetts, a consortium claim may be brought only when the claimant's spouse has a valid tort claim." *Tauriac v. Polaroid Corporation*, 716 F.Supp. 672, 673 (D.Mass., 1989) citing *Mouradian v. General Electric Co.*, 23 Mass.App.Ct. 538, 503 N.E.2d 1318, 1321 (1987); *see also, Sena*, 417 Mass. at 264, 629 N.E.2d at 994 ("As a general rule, a claim for loss of consortium requires proof of a tortious act that caused the claimant's spouse personal injury.") (citations omitted). Because Count I survives the defendants' motion to dismiss, so too must Counts II and III.[7]

### 3. Count IV—Claim Under the Massachusetts Civil Rights Act

■ Lastly, the defendants have moved to dismiss Count IV of the complaint to the extent it alleges a claim by Richard Sheehy for violation of the Massachusetts Civil Rights Act, Mass.Gen.L. c. 12, §§ 11H and 11I against the Town of Plymouth. In the original complaint, Mr. Sheehy alleged:

In the course of the police action prior to the arrest of Richard N. Sheehy, the Defendant, Rita Quinn, acted in her capacity

---

**7.** The defendants' sole basis for seeking dismissal of Counts II and III was their apparent belief that Count I would be dismissed.

as a police officer and as an individual interfered by means of threats, intimidation and/or coercion with the exercise of the rights secured by the Constitution and laws of the Commonwealth of Massachusetts and the United States, which threats, intimidation and coercion were perpetrated on the Plaintiff, Richard N. Sheehy, including, but not limited to, conjuring and creating false charges so as to illegally arrest and thereby punish the Plaintiff, Richard N. Sheehy, for his caring for his daughter who was upset. As a direct reprisal and as punishment, the Defendant, Officer Rita Quinn, immediately and illegally, in violation of the Constitution and laws of the Commonwealth and the United States, arrested Richard N. Sheehy and took him into custody with handcuffs as stated herein.

Complaint # 1, Count Four ¶ 2.

As a consequence "of the aforesaid threats, intimidation and coercion" resulting in his arrest and attempted prosecution on false charges, Mr. Sheehy asserts that he suffered significant damages at the hands of "the defendants". (*Id.* at ¶ 3) These allegations are premised solely upon the actions of Officer Quinn.

In moving for a dismissal of this Count, the defendants primarily rely upon the decision in *Hathaway,* wherein, given comparable circumstances, the court wrote:

> To state a claim against the City or the Department under § 11I, the plaintiff must allege that the defendants interfered with their rights "by threats, intimidation, or coercion." *See Bell v. Mazza,* 394 Mass. 176, 182, 474 N.E.2d 1111 (1985) (noting that the state legislature explicitly limited the remedy provided by § 11I to situations where the derogation of rights occurs by threats, intimidation or coercion). In this case, even assuming the City or the Department failed to train, discipline, or supervise its officers, such a failure did not involve threats, intimidation or coercion by the City or the Department. Therefore, even if the plaintiff had alleged sufficient facts to state a claim under § 1983, failure to train, supervise or discipline is not actionable under M.G.L. c. 12 § 11I.

*Hathaway,* 687 F.Supp. at 711; *accord Curran v. City of Boston,* 777 F.Supp. 116, 122 (D.Mass., 1991); *Gross v. Bohn,* 782 F.Supp. 173, 185 (D.Mass., 1991).

These cases, directly on point, are persuasive authority that Count IV of the complaint should be dismissed as it relates to the Town of Plymouth. Apparently, although not admittedly, acknowledging this fact, the plaintiffs have filed a motion seeking leave to file an amended complaint with respect to Count IV.

### B. The Motion To Amend

In the proposed amended complaint, the plaintiffs seek to add the following new allegations to Count IV:

3.) The Town of Plymouth negligently caused the deprivation of the plaintiff Richard N. Sheehy's rights secured by the state and Federal Constitutions, the laws of the Commonwealth of Massachusetts and the laws of the United States by exhibiting gross negligence and deliberate indifference to the Plaintiff's secured rights due to its failure to train and/or supervise its police officers. Such gross negligence and deliberate indifference on the part of the Town of Plymouth directly caused the deprivation of the Plaintiff's secured rights.

4.) The Town of Plymouth caused the unlawful conduct of its police officers by employing an official policy or custom which was created by the supervisory staff of the Town of Plymouth Police Department and implemented by the Town police officers in the course of their unlawful conduct which caused the deprivations of the Plaintiff's secured rights.

5.) As a result of the aforesaid threats, intimidation and/or coercion the defendant Town of Plymouth's gross negligence and deliberate indifference in failing to train and supervise its police officers and the defendant Town of Plymouth's official policy or custom, the plaintiff Richard N. Sheehy was arrested, deprived of his freedom and secured rights and had false charges prosecuted against him by the Defendants.

The defendants maintain that the motion to amend Count IV should be denied, inter alia, on the grounds of futility. *See Glassman v. Computervision*, 90 F.3d 617, 622–3 (1 Cir., 1996) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.") (citations omitted). This point has merit.

█ In their proposed amendment, the plaintiffs have not remedied the earlier flaw in the pleadings. The purported "threats, intimidation and coercion" perpetrated by Officer Quinn or Plymouth police officers are being attributed to the Town of Plymouth. However, as noted at oral argument, a municipality cannot be held liable for civil rights violations on a theory of vicarious liability. *Britton v. Maloney*, 901 F.Supp. 444, 453 (D.Mass., 1995) citing *Lyons v. National Car Rental Systems, Inc. (of Delaware)*, 30 F.3d 240, 245–246 (1 Cir., 1994). Thus, based on the same caselaw as cited with respect to the allegations in the original Count IV, the allegations of the proposed amended Count IV fail to state a claim upon which relief can be granted.

### IV. Conclusion And Order

For all the reasons stated hereinabove, it is ORDERED that the Defendants' Motion To Dismiss (# 3) be, and the same hereby is, ALLOWED with respect to Counts IV, V, and VI.

It is FURTHER ORDERED that the Motion of Richard N. Sheehy, Shirley Sheehy and Leah Sheehy for Leave To File Amended Complaint (# 19) be, and the same hereby is, ALLOWED to the extent that the plaintiff are granted leave to file an amended complaint which contains Counts I, II, III and V of the proposed amended complaint which they have proffered.

It is FURTHER ORDERED that the Defendants' Motion To Dismiss (# 3) and the Motion of Richard N. Sheehy, Shirley Sheehy and Leah Sheehy for Leave To File Amended Complaint (# 19) be, and the same hereby are, otherwise DENIED.