David M. HENSCHEL, Plaintiff,
Appellant,

v.

WORCESTER POLICE DEPARTMENT,
WORCESTER, MASSACHUSETTS
et al., Defendants, Appellees.

No. 71–1176.

United States Court of Appeals,
First Circuit.

July 15, 1971.

David M. Henschel, on brief, pro se.

David B. Williams, Asst. City Sol., on motion to dismiss for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Plaintiff Henschel instituted an action under 42 U.S.C. § 1983 in the district court, naming as "respondent" "Worcester Police Department, Worcester, Massachusetts, et al." In his complaint he asserted that he was arrested at approximately 9 p. m. on September 16, 1969, in the "area of Ben's Cafe * * * by two (2) Detectives and other Police Officers * * * in the employment of the Worcester Police Department;" that these individuals conducted him to various places for identification by witnesses; that all the while he was complaining of a bullet in his side and asking to be taken for emergency relief to a hospital; that he was then taken to the police station, and from there to the hospital, a total delay of two hours. It is for this delay, and the consequent pain and suffering, that he seeks damages. The district court dismissed the complaint for lack of a legally responsible defendant. Plaintiff appealed and we now have a motion for summary dismissal.

 We note, in passing, that a hospital record attached to the answer filed by the Worcester City Solicitor as "Attorney for the defendants" (whoever they may be—defense counsel appears to think the City is included) indicates that plaintiff was "not in acute distress," and that he informed the hospital that the 22-calibre bullet, which was recovered, had been self-inflicted at 1 a. m., to wit, twenty hours before. This might lead one to think the plaintiff's urgent need to go to the hospital arose more from the arrest than from acute physical discomfort. However that may be, plaintiff has not named, let alone attempted to serve, any defendant subject to the Civil Rights Act. The City of Worcester, if that is the intended defendant, is not liable under this statute. Monroe v. Pape, 1961, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492. Nor is the Police Department a suable entity. United States ex rel. Lee v. People of State of Illinois, 7 Cir., 1965, 343 F.2d 120. If a Police Department may be successfully sued, it is the city which will pay; the result is the same as suing the city—a result foreclosed by Monroe v. Pape, *ante*. For want of any proper party defendant the district court properly dismissed the action.

Affirmed.