**Carol CURRAN, et al., Plaintiffs,**

v.

**CITY OF BOSTON, et al., Defendants.**

**Civ. A. No. 90–11594MA.**

United States District Court,
D. Massachusetts.

Nov. 14, 1991.

John J. Costello, Francis J. Hurley, Costello & Hurley, South Boston, Mass., for plaintiffs.

Susan M. Weise, Boston, Mass., for all defendants and Raymond D'Oyley and Gladys Frias.

## ORDER

DAVID S. NELSON, District Judge.

The plaintiffs filed this action against the defendants, the City of Boston, the Boston Police Department, Francis Roache, the Commissioner of the Boston Police Department, the Internal Affairs Department, and several police officers alleging civil rights violations. The plaintiffs sought injunctive relief and damages. The matter was referred to Magistrate Bowler for a recommendation on a motion to dismiss the action for failure to state a claim for which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). The motion was filed by defendants the Boston Police Department, the Internal Affairs Department of the Boston Police Department, the City of Boston and Francis Roache.

On April 2, 1991, in a Report and Recommendation ("Report"), the magistrate issued her findings that the defendants Boston Police Department and the Internal Affairs Department of the Boston Police Department were non-persons and therefore not proper party defendants. The magistrate also found that the plaintiff failed to aver sufficient allegations to support a claim under the Massachusetts Civil Rights Statute, Mass.Gen.L. ch. 12, § 11H (1986 and Supp.1991) ("Civil Rights"). As to the remaining claims under 42 U.S.C. § 1983 (1981 and Supp.1991), the fifth amendment and negligence, the magistrate issued findings that the plaintiffs' allegations were sufficient to withstand the motion to dismiss. The magistrate recommended allowing the motion to dismiss as to the improper parties and the Civil Rights claim and denying the motion to dismiss as to the remaining claims.

Having reviewed the magistrate's recommendations, and there being no opposition thereto, this court agrees with the Report's findings that the defendants Boston Police Department and the Internal Affairs Department of the Boston Police Department are not proper party defendants and that the plaintiffs failed to assert sufficient allegations to support the Civil Rights claim. This court further agrees that the plaintiffs' complaint contains sufficient allegations to withstand the motion to dismiss as to the remaining claims. Accordingly, the court ALLOWS and ADOPTS the findings and recommendations of the Report and orders the defendants the Boston Police Department, the Internal Affairs Department of the Boston Police Department, City of Boston's and Francis Roache's motion to dismiss be allowed in part and denied in part as discussed above.

SO ORDERED.

REPORT AND RECOMMENDATION RE: DEFENDANTS, THE BOSTON POLICE DEPARTMENT, THE INTERNAL AFFAIRS DEPARTMENT OF THE BOSTON POLICE DEPARTMENT, CITY OF BOSTON'S AND FRANCIS ROACHE'S MOTION TO DISMISS (DOCKET ENTRY # 10)

April 2, 1991

MARIANNE B. BOWLER, United States Magistrate Judge.

Plaintiffs filed this action for injunctive relief and damages against the City of Bos-

ton, the Boston Police Department, the Commissioner of the Boston Police Department, the Internal Affairs Department, and several police officers for civil rights violations arising out of an alleged assault that occurred on September 27, 1988 in Dorchester.

## I.

For purposes of this motion, the facts as stated in the plaintiffs' complaint must be accepted as true. On September 27, 1988, two officers of the Boston Police Department entered the property of the plaintiff, Carol Curran ("Ms. Curran"), and assaulted, battered, and beat Ms. Curran about the face and body without provocation. (Docket Entry # 1, ¶¶ 1 and 13). Ms. Curran and her husband reported the above incident to the Internal Affairs Department of the Boston Police Department ("Internal Affairs") on September 28, 1988. Since the filing of that complaint, Internal Affairs has not adequately responded to the plaintiffs' concerns. (Docket Entry # 1, ¶ 21).

Subsequently, on November 7, 1988, the plaintiff, Mark Curran ("Mr. Curran"), Ms. Curran's son, was arrested and falsely charged with assault and battery on a police officer, disorderly person, and public drinking. (Docket Entry # 1, ¶¶ 1, 23, and 24). Mr. Curran was adjudicated not guilty on these charges on February 8, 1989. (Docket Entry # 1, ¶ 28).

Plaintiffs allege various injuries resulting from the incidents described above.

## II.

■ Defendants, the City of Boston, the Boston Police Department, Internal Affairs, and Francis Roache (Commissioner of the Boston Police Department), filed a motion to dismiss the above captioned action for failure to state a claim upon which relief can be granted pursuant to Fed. R.Civ.P. 12(b)(6). (Docket Entry # 10).

This court conducted a hearing pursuant to that motion on March 8, 1991. Subsequently, this court issued a procedural order directing the plaintiffs to resubmit their opposition to the motion to dismiss in accordance with the Local Rules of this Court. That submission was received by this court on March 18, 1991, and the court now addresses the merits of the motion to dismiss.[1]

The defendants have asserted the instant motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). The defendants allege: (1) neither the City of Boston Police Department nor the Internal Affairs Department of the Boston Police Department exist as an independent legal entity; (2) local government cannot be held liable pursuant to 42 U.S.C. § 1983 without a finding that the alleged injurious conduct was the result of an official policy or custom; and (3) plaintiffs have failed to state a claim for relief against Francis Roache ("Roache") in his official capacity for the same reasons that they have failed to establish a claim against the city; and (4) plaintiffs have failed to set forth a claim against Roache individually, as they have not alleged that Roache's own action is the cause of the claimed violation and injury. (Docket Entry # 10).

■ Fed.R.Civ.P. 12(b)(6) requires the court to accept as true all factual allegations outlined in the complaint with all reasonable inferences made in favor of the non-moving party. *Miree v. Delkab County,* 433 U.S. 25, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977); *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). Legal conclusions, deductions or opinions, however, are not given a presumption of truthfulness. *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981), *cert. denied,* 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981); *see Bryan v. Stillwater Board of Realtors,* 578 F.2d 1319, 1321

---

1. It is important to note, at this juncture, that the opposition submitted by the plaintiffs rests primarily upon an assertion that whether or not the plaintiff can establish any municipal practices or customs which led to the incidents at issue is a question of fact that must be uncovered through discovery. While discovery may help to clarify the issues, a plaintiff must plead specific facts in support of a claim of a civil rights violation. *Glaros v. Perse,* 628 F.2d 679, 684 (1st Cir.1980).

(10th Cir.1977) (discussing procedure relevant to a motion to dismiss); *Mitchell v. Archibald and Kendall, Inc.*, 573 F.2d 429 (7th Cir.1978) (stating standard relative to motion to dismiss). The court may not dismiss the complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam) (citations omitted), *reh'g denied*, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d at 52 (discussing standard for motion to dismiss).

## A. *Section 1983*

■ Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (1981). Initially, to state a claim under Section 1983, the plaintiff must allege the deprivation of a right secured by the Constitution. The instant complaint is sufficient to withstand scrutiny with respect to this element, as it alleges that the defendants beat the plaintiff, Ms. Curran, and allegations of police brutality clearly state a claim under the civil rights law. *See Landrigan v. City of Warwick*, 628 F.2d 736, 741–42 (1st Cir. 1980) (addressing allegations of police brutality).

■ The crux of the instant motion to dismiss is the second requirement of Section 1983, which dictates that a plaintiff allege a sufficient basis for municipal liability. A plaintiff, to meet this requirement, must allege that the deprivation at issue resulted from a municipal custom or policy.

*Monell v. Department of Social Services*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); *see Andujar v. City of Boston*, 760 F.Supp. 238 (D.Mass.1991) (discussing municipal liability under civil rights statute); *Santiago v. Fenton*, 891 F.2d 373, 381 (1st Cir.1989) (liability under Section 1983 requires demonstration of municipal policy or custom).

### 1. City of Boston Police Department

■ For purposes of a Section 1983 action, a police department is considered a non-person. *Henschel v. Worcester Police Department*, 445 F.2d 624 (1st Cir.1971). The City of Boston Police Department is not a suable entity. *See id.* (stating that City of Worcester Police Department is not suable entity). This court, accordingly, RECOMMENDS that the defendants' motion to dismiss be ALLOWED insofar as it concerns the City of Boston Police Department on the basis that the police department is not a proper party defendant.

### 2. Internal Affairs Department of City of Boston Police Department

Internal Affairs is a division of the City of Boston Police Department. It is therefore, the RECOMMENDATION of this court that the motion to dismiss with respect to the defendant, Internal Affairs, also be ALLOWED on the basis that it is not a proper party defendant.

### 3. City of Boston

Plaintiffs allege, with respect to the defendant, City of Boston ("City"), that the individual defendants were acting under color of state law and within their scope as police officers of the City. (Docket Entry # 1, ¶ 8). The plaintiffs also allege that they were "verbally harassed and abused by a police officer not known to the plaintiffs who was an employee, agent, and/or servant of the City of Boston ... and acting in his official capacity." (Docket Entry # 1, ¶ 22). In addition, the plaintiffs claim that the City did not adequately investigate the complaints filed by the plaintiffs and that the actions and/or inactions of the City constitute indifference to the injuries

and civil rights violations alleged by the plaintiffs. (Docket Entry # 1, ¶¶ 33 and 44–5). The plaintiffs also allege a claim of negligence against the City for the alleged negligent hiring of the defendant police officers. (Docket Entry # 1, ¶¶ 59–60).

It is clear that local government liability in a Section 1983 action may not be premised upon a theory of *respondeat superior.* *Monell v. New York Department of Social Services,* 436 U.S. at 691, 98 S.Ct. at 2036. Accordingly, to the extent that the complaint rests upon the allegation that the City, through its agents, employees, servants, and/or representatives, acted in contravention to the plaintiffs' civil rights, it must fall.

A plaintiff must allege that the injuries complained of are the result of an official policy or custom. The plaintiff must assert both the existence of a policy or custom and a causal link between that policy or custom and the constitutional injury. *Santiago v. Fenton,* 891 F.2d at 381.

The plaintiffs, in their opposition to the instant motion, state that their complaint is based upon the deliberate indifference of the City and the negligent hiring, training, and supervising of the officers involved in the incidents in question. In order to assert such a basis for a Section 1983 claim, the plaintiffs must allege that their injuries were caused by a custom or policy of gross negligence amounting to deliberate indifference in the recruitment, training, supervision, or discipline of the officers. *See Bordanaro v. McLeod,* 871 F.2d 1151, 1158–9 (1st Cir.1989), *cert. denied,* 493 U.S. 820, 110 S.Ct. 75, 107 L.Ed.2d 42 (1989), (discussing municipal liability under Section 1983); *see also generally City of Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (municipality may be held liable only where failure to train amounts to deliberate indifference). In addition to stating the inadequacies of the program at issue, the plaintiffs must allege that the municipal officials charged with making police department policy were "deliberately indifferent" to those inadequacies. *Bordanaro v. McLeod,* 871 F.2d at 1161.

■ It is clear that a claim under Section 1983 against a municipality may rest upon a custom or policy of failing to train municipal officers. In order to establish the existence of such a custom, the plaintiff must allege, at a minimum, deliberate indifference in the training, recruitment, supervision or discipline of municipal employees. "Such a showing requires that the municipal decision makers knew or should have known of officers' misconduct, and that they failed to take reasonable measures to rectify the situation." *Hathaway v. Stone,* 687 F.Supp. 708, 710 (D.Mass.1988).

■ While such a claim is not entirely clear from the face of the complaint, it appears that the plaintiffs are attempting to base a claim of deliberate indifference upon the failure of the City to investigate or respond to the complaint filed by the plaintiffs with Internal Affairs. Drawing all inferences in favor of the plaintiffs, it is reasonable to infer the allegation that the City's deliberate failure to investigate the claim, of which it had knowledge by virtue of the filing of the complaint with Internal Affairs, resulted in the failure to supervise and/or discipline the officers in conjunction with the underlying incident or to take reasonable measures to rectify the reported incident.

■ The defendants also argue that the incident at issue is a single alleged violation and that no pattern of civil rights violations is evident from the complaint. (Docket Entry # 10, p. 9). The complaint, however, depicts the allegedly unlawful arrest and detention of Mr. Curran as related to the initial incident involving Ms. Curran. It is the opinion of this court that the incidents in question do not give rise to the type of "single incident" addressed by the Supreme Court in *Oklahoma City v. Tuttle,* 471 U.S. 808, 823–24, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791; *see Andujar v. City of Boston,* 760 F.Supp. 238, 241–42 (citations omitted) (discussing meaning of "single incident").

Although the plaintiffs may have a difficult task ahead in proving the facts neces-

sary to support their allegations against the City, this court is not satisfied that they have failed to allege a claim of municipal liability sufficient to withstand a motion to dismiss, particularly where all reasonable inferences must be drawn in favor of the plaintiffs. *See Andujar v. City of Boston*, at 241–42 (noting tenuousness of allegations but finding sufficient allegation of failure to train to withstand motion to dismiss where plaintiff makes blanket allegation of policy with respect to execution of warrants).

It is, accordingly, the RECOMMENDATION of the court that the motion of the City to dismiss the instant action for failure to adequately state a claim for relief under 42 U.S.C. § 1983 be DENIED.[2]

### 4. Francis Roache

■■■■ A supervisory official may not be held liable under Section 1983 without a showing of at least gross negligence or deliberate indifference and the demonstration of a causal link between that indifference and the resulting constitutional violation. *Guzman v. City of Cranston*, 812 F.2d 24, 26 (1st Cir.1987); *Voutour v. Vitale*, 761 F.2d 812, 820 (1st Cir.1985), *cert. denied*, 474 U.S. 1100, 106 S.Ct. 879, 88 L.Ed.2d 916 (1986). A superior officer may be held liable for failing to establish procedures to correct unconstitutional conduct of which the officer has notice, although not with respect to a single act or isolated incident. *McClelland v. Facteau*, 610 F.2d 693 (10th Cir.1979).

For the reasons discussed above with respect to the claims against the City, it is also the RECOMMENDATION of this court that the motion to dismiss the instant action against Francis Roache be DENIED.

### B. *Massachusetts General Laws Chapter 12, Section 11I*

■■■■ The plaintiffs have also brought claims under the Massachusetts Civil Rights Statute, Mass.Gen.L. Ch. 12,

§ 11I. Mass.Gen.L. ch. 12, § 11I provides for a private right of action for interference with individual rights "secured by the [C]onstitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth ... as described in section 11H." Mass.Gen.L. ch. 12, § 11H provides a civil cause of action:

> Whenever any person or persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the [C]onstitution or laws of the United States or of rights secured by the constitution or laws of the commonwealth.

*Id.* Stating a claim under 42 U.S.C. § 1983 does not, however, automatically result in a valid claim under the Massachusetts Civil Rights Act. *Andujar v. City of Boston*, at 242 (citations omitted).

In order to state a claim pursuant to the Massachusetts Civil Rights Statute, the plaintiffs must allege the deprivation of their rights by threats, intimidation or coercion. *Hathaway v. Stone*, 687 F.Supp. at 711. A claim based upon the City's failure to train is not sufficient to state a claim pursuant to this statute.

Accordingly, it is the RECOMMENDATION of this court that the defendants' motion to dismiss be ALLOWED with respect to the claims brought under Mass. Gen.L. ch. 12, § 11I.

### C. *Fifth Amendment*

■■■■ The defendants also assert that the plaintiffs have improperly brought claims against state officials under the fifth amendment of the United States Constitution. The fifth amendment clearly provides for a cause of action against officials of the federal government. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The protections guaranteed by the fifth amend-

---

**2.** This court notes the statement by the defendants on page 12 of their motion to dismiss (Docket Entry # 10) that the City and Francis Roache are entitled to *summary judgment* on all counts arising under 42 U.S.C. § 1983, but understands the defendants to have intended to treat the request as a motion to dismiss.

ment are applied to the states and against state officials through the due process clause of the fourteenth amendment.

The complaint merely states that the action, as a whole, is brought pursuant to the fifth and fourteenth amendments, among other statutes and constitutional amendments. (Docket Entry # 1, ¶ 2). This court is of the opinion that a reasonable interpretation of that statement is that the plaintiffs are alleging the protections of the fifth amendment as guaranteed by the due process clause of the fourteenth amendment.

Accordingly, it is the RECOMMENDATION of this court that the defendants' motion to dismiss be DENIED with respect to the "claims pursuant to the fifth amendment."

### D. *Negligence*

#### 1. City of Boston

■ Count Six of the complaint alleges that the City was negligent in failing to train and supervise its employees. The defendants only objection to this claim is one of causation. The question of proximate cause is a question of fact, and this court will not base a motion to dismiss upon such an issue.

Count Seven of the complaint alleges that the City was negligent in hiring the officers involved in the incidents in question. Again, the only basis for the instant motion to dismiss offered by the defendants is a lack of causation.

It is, therefore, the RECOMMENDATION of this court that the defendants' motion to dismiss be DENIED with respect to Counts Six and Seven of the complaint.

### III

Accordingly, it is the RECOMMENDATION [3] of this court that Defendants the

Boston Police Department, the Internal Affairs Department of the Boston Police Department, City of Boston's and Francis Roaches' Motion to Dismiss (Docket Entry # 10) be ALLOWED in part and DENIED in part as discussed above.

---

**3.** Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the Report and Recommendation and must identify the portion of the Report and Recommendation to which objection is made and the basis for such objection. Any party may respond to another party's objections within ten days after service of the objections. Failure to file objections within the specified time waives the right to appeal the district court's order. *United States v. Escoboza Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986).