**Eugene BAKER, Plaintiff,**

v.

**Sheldon WILLETT, sued Individually and as Deputy Sheriff of the Warren County Sheriff's Department; Warren County Sheriff's Department; and The County of Warren, New York, Defendants.**

**No. 97–CV–1184.**

United States District Court, N.D. New York.

March 10, 1999.

---

194

Michael S. O'Dell, Glens Falls, New York, for plaintiff.

Fitzgerald, Morris, Baker, & Firth, P.C., Glens Falls, New York (Peter D. Fitzgerald, of counsel), for defendants.

## MEMORANDUM–DECISION AND ORDER

HURD, United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff, Eugene Baker ("Baker" or "plaintiff") commenced this action on August 11, 1997, against the defendants as a result of injuries sustained while he was an inmate at the Warren County Jail in Lake George, New York. Baker asserts causes of action under 42 U.S.C. §§ 1983 and 1988, the First, Fourth, Fifth, and Fourteenth Amendments, and a pendent state law claim. The defendants have moved for summary judgment pursuant to Fed. R.Civ.P. 56. This matter was submitted for decision without oral argument.

## II. BACKGROUND

### A. Facts

The following is most favorable to the nonmoving plaintiff. On April 29, 1996, Baker was sitting on a metal table, his feet not touching the ground, watching television from a catwalk adjacent to his cell. When defendant Sheldon Willett ("Willett"), a corrections officer employed by the defendant Warren County Sheriff's Department, stood in front of the televi-

sion screen, an unidentified inmate called Willett a "fat boy" and demanded that he move out of the way. Willett subsequently stopped in front of Baker, who told Willett, "Keep going fat boy." Willett left to continue his rounds of the jail, returning several minutes later. Baker was conversing with another inmate and did not notice Willett return. When Baker was not looking, Willett pushed him in the back, causing him to fall off of the table and strike his head on the metal bars of his cell approximately four to five feet away from where he had been sitting. Plaintiff sustained a laceration on his forehead which required sutures. Willett completed an incident report that evening. The division commander informed Undersheriff Larry Cleveland ("Undersheriff Cleveland") of the incident. Undersheriff Cleveland reviewed the incident and spoke to both Baker and Willett. No formal investigation was conducted and Willett was not disciplined.

### B. *Motion*

The causes of action alleged against Willett, in his individual and official capacities, are for excessive use of force and assault and battery; and against the defendants County of Warren ("County") and the Warren County Sheriff's Department are for deliberate indifference as a result of negligent training and supervision of personnel.[1] Defendants' motion asserts that there is no basis for municipal liability, that Willett did not use excessive force, and that he is entitled to qualified immunity. In addition, defendants claim that plaintiff's pendent state claim for assault and battery is barred by the Statute of Limitations because plaintiff did not file a notice of claim within ninety days, and did not file suit within one year and ninety days of the alleged conduct which is the subject of his complaint. Plaintiff opposes the motion.

1. More specifically, plaintiff's first cause of action alleges excessive use of force inflicted by Willett; the second, fourth, fifth, and sixth causes of action allege municipal liability for

## III. *DISCUSSION*

### A. *Summary Judgment Standard*

Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Lang v. Retirement Living Pub. Co.*, 949 F.2d 576, 580 (2d Cir.1991). The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir.1990). Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Project Release v. Prevost*, 722 F.2d 960, 968 (2d Cir.1983).

When the moving party has met the burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S.Ct. 1348. At that point, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56: *Liberty Lobby Inc.*, 477 U.S. at 250, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, 106 S.Ct. 1348. To withstand a summary judgment motion, evidence must exist upon which a reasonable jury could return a verdict for the nonmovant. *Liberty Lobby, Inc.*, 477 U.S. at 248–249, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, 106 S.Ct. 1348. Thus,

Willett's conduct; and the third cause of action alleges assault and battery by Willett, in his official capacity as a corrections officer.

summary judgment is proper where there is "little or no evidence ... in support of the non-moving party's case." *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1223–1224 (2d Cir.1994) (citations omitted).

### B. *Excessive Use of Force Claim against Willett*

#### 1. *Standard*

■ The Eighth Amendment prohibits "the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976)). When prison officials are accused of using excessive force, the standard is "whether [the] force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320–21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973)). Conduct must be " 'inconsistent with contemporary standards of decency' and 'repugnant to the conscience of mankind' " to be actionable under the Eighth Amendment. *Id.* at 327, 106 S.Ct. 1078 (quoting *Estelle*, 429 U.S. at 103, 106, 97 S.Ct. 285). Five factors relevant in determining whether officers acted maliciously are: The need for force, the relationship between the need and the amount of force used, the extent of the injury suffered, the extent of the threat to the safety of staff and inmates, and any efforts made to temper the severity of a forceful response. *See id.* at 321, 106 S.Ct. 1078 (citing *Glick*, 481 F.2d at 1033); *see also Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9, 112 S.Ct. 995. *De minimis* uses of physical force are excluded from Constitutional recognition as long as the force used is "not of a sort repugnant to the conscience of mankind." *Id.* at 9–10, 112 S.Ct. 995.

#### 2. *Review*

The parties present different versions of what happened before and after the incident, as well as different characterizations of Willett's conduct. Willett, who stands over six feet tall and weighs approximately two hundred sixty pounds, claims that he tapped Baker, who is five feet four inches tall and weighs approximately one hundred fifty pounds, on the shoulder and asked him what was happening. Willett asserts that plaintiff became startled, stumbled, and hit his head on the food tray attached to his cell. Willett claims that he later apologized to Baker for startling him. Baker, on the other hand, claims that insults had been levied against Willett a few minutes before Willett "hit [him] in the back," knocking Baker into the bars of his cell. (Baker Dep. at p. 20.) Plaintiff claims that Willett later apologized for hitting him so hard.

As noted above, for the purpose of this motion, the facts must be viewed most favorably to the plaintiff. However, the defendants claim that the distinctions between each party's version of the facts do not matter. They assert that plaintiff's injury was not sufficiently serious to implicate the Eighth Amendment because Baker's initial reaction after striking his head was that he did not think the injury was serious. In addition, the defendants claim that Baker's actual injury was not causally connected to Willett's conduct, as evidenced by his failure to claim a back injury. Finally, the defendants assert that plaintiff cannot demonstrate malice because of Willett's claim that he merely tapped Baker and the subsequent events were merely "ill-fated circumstances." (Defs.' Mem. of Law in Supp. of Mot. for Summ.J. at 5.)

■ The defendants' assertions fail to banish the genuine issues of material fact which remain in this case. Baker's imme-

diate response to a head injury could be the result of many factors and is hardly determinative regarding the seriousness of the injury. The fact that he did not claim a back injury is of no moment. The resulting injury to plaintiff's head was the product of a chain of events which commenced when Willett made contact with plaintiff's back. Thus plaintiff's injury is traceable to Willett's conduct. The competing versions of the events occurring before, during, and after the incident require findings to be made regarding the defendant's motivation and intent, the amount of force used, and the nature and extent of the injuries received by the plaintiff. These are issues of fact which cannot be resolved on a motion for summary judgment.

### 3. Qualified Immunity

■ The doctrine of qualified immunity protects government officials from suits against them in their individual capacity for money damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). A right is clearly established if "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Three factors are utilized to determine whether a right was clearly established: "(1) whether the right in question was defined with 'reasonable specificity'; (2) whether the decisional law of the Supreme Court and the applicable circuit court support the existence of the right in question; and (3) whether under pre-existing law a reasonable defendant official would have understood that his or her acts were unlawful." *Jermosen v. Smith*, 945 F.2d 547, 550 (2d Cir.1991), *cert. denied*, 503 U.S. 962, 112 S.Ct. 1565, 118 L.Ed.2d 211 (1992). Even if a right is clearly established, "the defendants may nonetheless establish immunity by showing that reasonable persons in their position would not have understood that their conduct was within the scope of the established prohibition." *In re State Police Litig.*, 88 F.3d 111, 123 (2d Cir.1996).

■ The Eighth Amendment prohibits the use of excessive force upon a prisoner. At the time of the alleged incident, it was clearly established that the unnecessary and wanton infliction of pain constituted cruel and unusual punishment in violation of the Eighth Amendment. *See Ingraham v. Wright*, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). Moreover, the Supreme Court expressed guidelines to assist in determining whether conduct constituted an excessive use of force. *See Whitley*, 475 U.S. 312, 321, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Plaintiff has asserted a violation by Willett of a clearly established right to be free from excessive use of force. Willett is not entitled to qualified immunity.

### C. Supplemental State Claim for Assault and Battery Against Willett

As a condition precedent to suits against a municipality or its employees, a plaintiff must serve a notice of claim within ninety days after the claim arises. N.Y.Gen.Mun. Law § 50–e(1)(a) (McKinney 1986). In tort actions against a municipality, in addition to serving a notice of claim, a plaintiff must allege in the complaint that at least thirty days have elapsed since the service of the notice of claim and that adjustment or payment has been neglected or refused. § 50–i(1). Finally, the tort action must "be commenced within one year and ninety days after the happening of the event upon which the claim is based...." *Id.*

In the present case, plaintiff's third cause of action alleges assault and battery by Willett in his official capacity, which occurred on April 29, 1996. Plaintiff did not commence suit until August 11, 1997. Plaintiff did not file any notice of claim, nor did he commence this suit within one

year and ninety days as prescribed by the statute. Therefore, plaintiff's supplemental state claim must be dismissed.

### D. *Claims Against the County and the Sheriff's Department*

### 1. *Standard*

■■■ Municipalities are included among those persons to whom § 1983 applies. *Monell v. Department of Social Servs.,* 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Under New York law, a county is a municipal corporation capable of bringing suit and being sued. *See* N.Y.Gen.Mun.Law § 2 (McKinney 1986). A police department is an administrative arm of the municipal corporation. *Loria v. Town of Irondequoit,* 775 F.Supp. 599, 606 (W.D.N.Y.1990); *Willard v. Town of Hamburg,* No. 96–CV–0187E(H), 1996 WL 607100, at *1 (W.D.N.Y. Sept.30, 1996). A police department cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity. *Loria,* 775 F.Supp. at 606; *East Coast Novelty Co. v. City of New York,* 781 F.Supp. 999, 1010 (S.D.N.Y.1992); *Wilson v. City of New York,* 800 F.Supp. 1098, 1101 (E.D.N.Y. 1992).

Defendants correctly claim that plaintiff's claims against the Warren County Sheriff's Department and the County are redundant. Since the sheriff's department is merely an administrative arm of the County, and the County is the real party in interest here, the claims asserted against the Warren County Sheriff's Department are dismissed as redundant. *See Curran v. City of Boston,* 777 F.Supp. 116 (D.Mass.1991). Accordingly, the remainder of this opinion addresses plaintiff's municipal liability claims with respect to the County only.

■■■ In order for the County to be held liable under § 1983, plaintiff must demonstrate that Willett's actions were taken pursuant to an official municipal policy, custom, or practice. *Monell,* 436 U.S. at 690–91, 98 S.Ct. 2018; *Vann v. City of New York,* 72 F.3d 1040 (2d Cir.1995). However, municipal liability may not be founded solely on a municipality's employment of a tortfeasor. *Monell,* 436 U.S. at 691, 98 S.Ct. 2018. Absent an explicitly stated rule or regulation, a plaintiff must show "that the municipality, alerted to the possible use of excessive force by its police officers, exhibited deliberate indifference." *Vann,* 72 F.3d at 1049.

■■■ Deliberate indifference may be inferred from lack of supervision, such as the lack of meaningful attempts to investigate repeated complaints of excessive use of force. *See id.; see also Fiacco v. City of Rensselaer,* 783 F.2d 319 (2d Cir.1986) (holding that a number of complaints of police brutality together with evidence of the municipality's treatment of the complaints was relevant to the issue of negligent supervision), *cert. denied,* 480 U.S. 922, 107 S.Ct. 1384, 94 L.Ed.2d 698 (1987); *Mendoza v. City of Rome,* 872 F.Supp. 1110 (N.D.N.Y.1994). However, the complaints standing alone are not sufficient; it is the combination of repeated complaints and the municipality's response to such complaints which "tip[ ] the scales toward the probative." *Mendoza,* 872 F.Supp. at 1118. Persistent failure to investigate complaints or discipline subordinates who violate civil rights may give rise to an inference of negligent supervision. *Batista v. Rodriguez,* 702 F.2d 393 (2d Cir. 1983); *Powell v. Gardner,* 891 F.2d 1039 (2d Cir.1989). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell,* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy...." *Oklahoma City v. Tuttle,* 471 U.S. 808, 823–24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); *Anderson v. City of New York,* 657 F.Supp. 1571, 1574–75 (S.D.N.Y.1987). Failure to discipline an officer for a single incident of illegality is not sufficient to raise an inference of a municipal policy or custom. *Turpin v. Mailet,* 619 F.2d 196, 202 (2d Cir.), *cert.*

*denied,* 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1980).

■ There are limited circumstances in which municipalities can be found liable under § 1983 for failure to train employees. *City of Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). "[T]he inadequacy of police training may serve as a basis for § 1983 liability only where the failure to train amounts to a deliberate indifference to the rights of persons with whom the police come into contact." *Id.* at 388, 109 S.Ct. 1197.

> [I]t may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers ... can reasonably be said to have been deliberately indifferent to the need. In that event, the failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which [it] may be held liable if it actually causes injury.

*Id.* at 390, 109 S.Ct. 1197. Liability may not be imposed upon a municipality merely because a particular officer may have been unsatisfactorily trained, "for the officer's shortcomings may have resulted from factors other than a faulty training program." *Id.* at 390–91, 109 S.Ct. 1197 (citations omitted). Liability may not be imposed on the basis of negligent administration of an otherwise adequate training program or because the conduct actually resulting in injury could have been avoided by more or better training. *Id.* at 391, 109 S.Ct. 1197. In addition, rather than merely alleging a need for training, a plaintiff must "show how a particular policymaker's specific choice with respect to the training deficiency at issue reflects 'deliberate indifference' to their constitutional rights, and how this indifference directly caused their injuries." *Ferreira v. Westchester County,* 917 F.Supp. 209, 215–16 (S.D.N.Y.1996) (citing *Canton,* 489 U.S. at 391, 109 S.Ct. 1197 (stating that "adequately trained offi-

cers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable")).

### 2. *Review*

In support of his claims against the county for deliberate indifference and negligent supervision, Baker relies on the County's responses to interrogatories and an affidavit from Undersheriff Cleveland. One particular interrogatory sought information regarding all lawsuits which the County, the Sheriff's Department, or any officer had been involved in the ten years prior to the date of the incident. The defendants answered that

> In excess of thirty (30) to forty (40) such actions have been commenced during the ten year period requested. It is burdensome and would require in excess of eighty (80) hours to research the material you request. After reviewing these interrogatories, should you still feel these documents are relevant and needed, we should talk to the court about an amendment of the scheduling order to accommodate time to provide them.

(Pl.'s Mem. in Opp. to Mot. for Summ. J.Ex. O.) Plaintiff did not pursue this matter further, yet contends that this answer supports the conclusion that the County either fails to maintain adequate records or fails to investigate complaints despite the significant amount of lawsuits asserted each year. However, his conclusion is unpersuasive. Merely requiring additional time to obtain voluminous material does not necessarily imply a failure to investigate claims. To the contrary, it indicates that records do exist concerning investigation of complaints. In addition, since plaintiff did not follow up on this interrogatory, the nature of these lawsuits has not been established. Without knowing this, the relevance of plaintiff's request is suspect at this point.

■ Baker asserts that his claim of deliberate indifference and negligent su-

pervision is also justified because the one to two use of force complaints per year and the five meritorious complaints in the past ten years made the County aware of "the significant number of complaints and founded reports," and yet it failed to formally investigate Willett's conduct or discipline him. (Pl.'s Mem. of Law in Opp. to Mot. for Summ. J. at 11.) However, three of the five meritorious complaints were directed toward one officer who was terminated after disciplinary proceedings. This shows that the sheriff's department not only investigated claims asserted, but also disciplined wrongdoers when necessary.

■ The fact that no formal investigation ensued subsequent to the incident in this case, and that Willett was not disciplined, does not provide a basis for municipal liability. Undersheriff Cleveland sets forth the rules and procedures with respect to investigation of complaints of excessive use of force. (*See* Cleveland Aff.) The division commander brought the incident at issue in this case to the attention of Undersheriff Cleveland. Cleveland spoke to Baker and Willett, reviewed the incident, and determined that there was no need for a formal investigation or to discipline Willett. This decision is supported by the fact that Willett had no history of violence or misconduct at the jail and was never a party to any other use of force complaints. Additionally, plaintiff cannot merely rely on the failure to discipline Willett for this single incident to establish a municipal custom or policy for which the County is liable. That is precisely what plaintiff is attempting to do. Therefore, plaintiff has failed to raise a genuine issue of material fact to survive summary judgment with respect to his claim of negligent supervision.

■ Baker has also failed to raise a genuine issue of material fact with respect to the issue of negligent training. He relies on the fact that department regulations mandated an annual course of in-service training, which includes training in the use of physical force, and that Willett testified at his deposition that he never received any new training subsequent to the basic training he received. In addition, Willett claimed he was never tested on written materials distributed and explained in meetings which were held twice a year. Plaintiff is not alleging that the training program itself is deficient, only its administration. This is insufficient to establish municipal liability. *See Canton,* 489 U.S. at 391, 109 S.Ct. 1197.

Plaintiff has failed to demonstrate any genuine issue of material fact with respect to any municipal custom, policy, or practice on the part of the County. Therefore, plaintiff's claims against the County must also be dismissed.

## IV. CONCLUSION

Genuine issues of material fact exist with regard to Baker's excessive use of force claim against Willett. However, the plaintiff has been unable to support the remaining allegations in his complaint.

Accordingly, it is hereby

ORDERED that

1. Plaintiff's second, third, fourth, fifth and sixth causes of action are DISMISSED;

2. The complaint is DISMISSED against defendants Warren County Sheriff's Department and the County of Warren, New York; and

3. Defendant's motion for summary judgment with respect to plaintiff's first cause of action is DENIED.

IT IS SO ORDERED.